PETTIGREW, J.
Ijn this workers’ compensation dispute, the claimant, Charlie Johnson, was injured in the course and scope of his employment as a roofer with the East Baton Rouge Parish School Board (“School Board”). Mr. Johnson has not worked since his injury. According to the record, the School Board paid workers’ compensation benefits to Mr. Johnson in the form of temporary total disability benefits at a rate of $282.00/ week from March 16, 1991 through July 17, 1992, as well as from April 6, 2000 through January 31, 2003. The School Board also paid Mr. Johnson supplemental earnings benefits at a rate of approximately $184.24/week from July 18,1992 through April 5, 2000, and from February 1, 2003 through May 31, 2003, at a rate of $124.67/ week. Mr. Johnson’s benefits were terminated on May 31, 2003, prompting him to file a disputed claim for compensation.
The matter proceeded to trial on December 21, 2005, at which time the parties stipulated to the date of the accident, March 11, 1991, and Mr. Johnson’s average weekly wage, $427.06, and presented the following issues to the workers’ compensation judge (“WCJ”) for consideration: (1) whether Mr. Johnson was permanently and totally disabled as a result of the March 11, 1991 accident; (2) whether Mr. Johnson was entitled to permanent and total disability benefits; (3) whether the School Board’s termination of Mr. Johnson’s benefits was arbitrary and capricious; and (4) whether Mr. Johnson was entitled to related penalties and attorney fees for the termination of his benefits. After listening to the testimony of the witnesses at trial and reviewing the applicable law and documentary evidence in the record, the WCJ rendered judgment from the bench in favor of Mr. Johnson and against the School Board. The WCJ found that Mr. Johnson was permanently and totally disabled and that permanent and total disability benefits were due retroactive to the date of termination (May 2003 — $284.71 X 138 weeks equals $39,289.98), plus judicial interest in the amount of $1,925.59, “until further order of the court.” The WCJ also awarded Mr. Johnson $10,000.00 in attorney fees, plus judicial interest in the amount of $1,410.62, *390 for the School Board’s arbitrary and capricious ^termination of Mr. Johnson’s benefits. A judgment in accordance with these findings was signed by the WCJ on January 19, 2006. This appeal by the School Board followed.
On appeal, the School Board argues that the WCJ applied the wrong legal standard in concluding that Mr. Johnson was permanently and totally disabled and that the WCJ manifestly erred in awarding Mr. Johnson disability benefits retroactive to the termination date of his benefits. The School Board further contends the WCJ was manifestly erroneous in its determination that it was arbitrary and capricious in terminating Mr. Johnson’s benefits and, thus, the $10,000.00 award of attorney fees should be reversed. Moreover, the School Board asserts, the $1,410.62 in judicial interest attributed to the award of attorney fees was clearly wrong as it dates back to the date of judicial demand and represents prejudgment interest, which is not allowed on an award of attorney fees.
DISABILITY STATUS
Whether a claimant has carried his or her burden of proof and whether testimony is credible are questions of fact to be determined by the trier of fact. Allman v. Washington Parish Police Jury, 2004-0600, p. 3 (La. App. 1 Cir. 3/24/05), 907 So.2d 86, 88. Factual findings in a workers’ compensation case are subject to the manifest error-clearly wrong standard of review. McCray v. Delta Industries, Inc., 2000-1694, p. 4 (La. App. 1 Cir. 9/28/01), 809 So.2d 265, 269. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La. 7/1/97), 696 So.2d 551, 556. Thus, “[if] the [fact finder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990). Consequently, when there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous. Bolton v. B E & K Const., 2001-0486, p. 7 (La. App. 1 Cir. 6/21/02), 822 So.2d 29, 35.
| ¿The finding of disability within the framework of the workers’ compensation law is a legal rather than a purely medical determination. Therefore, the question of disability must be determined by reference to the totality of the evidence, including both lay and medical testimony. Ultimately the question of disability is a question of fact, which cannot be reversed in the absence of manifest error. Severio v. J.E. Merit Constructors, Inc., 2002-0359, p. 7 (La.App. 1 Cir. 2/14/03), 845 So.2d 465, 469.
As set forth in La. R.S. 23:1221(2)(e), when an employee is not engaged in any employment or self-employment, compensation for permanent total disability “shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment.” Moreover, before a claimant is found to be permanently and totally disabled, it shall be determined “whether there is reasonable probability that, with appropriate training or education, the injured employee may be rehabilitated to the extent that such employee can achieve suitable gainful employment and whether it is in the best interest of such individual to undertake such training or education.” La. R.S. *391 23:1226(D). Id., 2002-0359 at 10, 845 So.2d at 471.
After hearing from the witnesses and considering the documentary evidence in the record, the WCJ made the following findings concerning Mr. Johnson’s disability status:
Considering the law and the evidence and the arguments of counsel — the main issue in the case is whether or not Mr. Johnson is permanently and totally disabled and then the additional issue is whether or not any penalties and attorneys fees should be awarded.
First of all I would like to address the credibility of this claimant. The claimant testified here today and the court has carefully observed his composure, his facial expressions, demeanor, his mannerisms, tone of voice and the way he’s answered the questions. In comparing his answers to the other evidence in the case, the court makes a specific finding that the claimant is credible.
In looking at the other evidence in the case, some of the facts the court has considered in determining whether or not the claimant is permanent and totally disabled, the court has carefully reviewed the depositions of Dr. Mitchell, Dr. Iopollo, all the other medical records, the FCE, the surgeries involved that Mr. Johnson has undergone, the restrictions placed upon Mr. Johnson by his physicians and the FCE, which basically concluded that Mr. Johnson is capable physically of some type of | ¡^sedentary work on a part-time basis. The court has considered the claimant’s advanced age; 61 years of age and his educational background; being that he stopped in 11th grade at Scottlandville Senior High. He has not received a GED. He has not received any other type of education whatsoever. His work history has been in the unskilled labor market.
The court has reviewed the vocational rehabilitation reports and the deposition of Mr. Bott, which the court notes is the only evidence of vocational rehabilitation services in this case. Basically Mr. Bott’s opinion is uncontradicted. Mr. Bott concluded that the claimant has no transferable skills. He did objective testing to indicate that he is basically illiterate pursuant to the testing performed. The jobs identified by GE-NEX, which was hired by the defendants, were not suitable in any way for the claimant. This evidence has not been contradicted by the defendant.
The court makes a finding of fact that physically the claimant is capable of performing some type of sedentary work on a part-time basis, however, he [is] limited by his vocational rehabilitation skills, his education, his employment background, his advanced age and all the factors that Mr. Bott discussed in his deposition and his report.
The court finds that the jobs identified by GENEX were not suitable for claimant, that GENEX was solely looking at his physical limitations, not his mental capabilities. In fact, Ms. Lee’s testimony substantiated that they were only looking at Mr. Johnson’s physical capabilities. She testified to the jobs identified and indicated Mr. Johnson was physically capable of performing the jobs. There is no testimony from the claims adjustor whatsoever concerning his mental capability and there has been no vocational rehabilitation evidence, other than Mr. Bott’s, that the mental capability of Mr. Johnson was considered.
The bottom line is that the defendant in this case just totally overlooked Mr. Johnson as a whole. They separated his *392 physical self from his mental self, which is not appropriate under these circumstances. The court finds based upon all of these factors that Mr. Johnson is permanently and totally disabled and that permanent and total benefits are due retroactive back to the date of termination, which the court finds to be May of 2003. Those benefits shall continue until the further order of the court.
Following an extensive review of the record and exhibits in this matter, we are unable to say the WCJ erred in determining that based on Mr. Johnson’s physical restrictions, the failed attempt at rehabilitation and/or re-training, his limited education, and lack of transferable skills, he was permanently and totally disabled and entitled to reinstatement of his full benefits. The WCJ made a specific finding that Mr. Johnson was a credible witness and that the jobs identified for Mr. Johnson “were not suitable in any way” for him. The WCJ’s ruling is reasonable and supported by the record. Thus, we must affirm the portion of the judgment that found Mr. Johnson permanently and [fitotally disabled and awarded him permanent and total benefits retroactive to the termination of his benefits and continuing until further order of the court.
AWARD OF ATTORNEY FEES
The WCJ found that the School Board was arbitrary and capricious in terminating Mr. Johnson’s benefits and awarded him $10,000.00 in attorney fees,[1] noting as follows:
Moving on to penalties and attorneys fees, in this case the benefits have been paid for a long time in excess of 520 weeks, but they were terminated when these jobs were identified by GENEX, which were only considering the physical aspects of claimant and nothing else, therefore the jobs were not suitable. Based upon the defendants relying upon jobs that would physically fit the claimant and not looking at Mr. Johnson all-together; his educational background, his employment history and all the other factors I have addressed in my ruling, the court finds that to be arbitrary and capricious and without probable cause.
The court realizes that the Rush case limits the penalties to no penalties; to only attorney fees. That’s the Rush case from the supreme court. Penalties do not apply based on the Rush case, but attorneys fees do apply. Considering the experience of the attorneys involved in this matter, Mr. Jackson and Mr. Bell, the work they have performed; the record is quite lengthy, the benefits that were sought for Mr. Johnson, the benefits that have been awarded, the permanent and total disability benefits and all the work involved, the court finds a reasonable attorney fee to be $10,000 and so awards that amount. All court costs are assessed against the defen *393 dants and legal interest is awarded in accordance with law.
The WCJ’s determination of whether an employer or insurer should be cast with attorney fees in a workers’ compensation action is essentially a question of fact subject to the manifest error or clearly wrong standard of review. Handy v. TEMBEC, 2004-1877, p. 9 (La.App. 1 Cir. 11/4/05), 927 So.2d 401, 407, writ denied, 925 So.2d 1260, 2005-2495 (La.3/31/06). Based on our review of the record herein, we cannot |7say the WCJ was clearly wrong in finding that the School Board was arbitrary and capricious in terminating Mr. Johnson’s benefits. Accordingly, we affirm the WCJ’s award of $10,000.00 in attorney fees to Mr. Johnson. However, we must address the $1,410.62 in judicial interest that was assessed on the attorney fee award.
In Sharbono v. Steve Lang & Son Loggers, 97-0110, p. 10 (La.7/1/97), 696 So.2d 1382, 1388-1389, the Louisiana Supreme Court addressed the award of attorney fees in workers’ compensation cases and the calculation of interest due on same.
Because attorney’s fee awards depend for their very existence upon a discretionary finding of the trier of fact, any amount of attorney’s fees awarded to the victor is “due” only from the date of judgment. Prior to that time, the victor was not entitled to those funds. Because the losing party did not deprive the victor of the use of funds to which the victor was entitled, no prejudgment interest may be calculated on the award of attorney’s fees. Rather, post-judgment interest on that amount may be calculated only from the date the debt came into being and thus became due to the date it is paid.- To hold otherwise would be to unfairly compensate the victor, and penalize the loser, for a deprivation which never took place. [Emphasis added.]
Thus, with reference to legal interest on the award of penalties and attorney fees, the supreme court has decided that such interest is due only from the date of judgment until paid.[2] See also Roussell v. St. Tammany Parish School Bd., 2004-2622, p. 20 (La.8/23/06), 943 So.2d 449, 464; Thibodaux v. Arthur Rutenberg Homes, Inc., 2004-1500, p. 13 (La.App. 1 Cir. 12/22/05), 928 So.2d 80, 89; Ibrahim v. Hawkins, 2002-0350, p. 17 n. 9 (La.App. 1 Cir. 2/14/03), 845 So.2d 471, 485, n. 9. Accordingly, we amend the judgment to reflect that judicial interest on the attorney fee award is due from the date of the judgment until paid. ,
DECREE
For the above and foregoing reasons, we affirm the WCJ’s judgment insofar as it found Mr. Johnson to be permanently and totally disabled and reinstated his. permanent and total disability benefits. We affirm the WCJ’s finding that the School Board was | ^arbitrary and capricious in its termination of Mr. Johnson’s benefits and affirm the award of $10,000.00. in attorney fees to Mr. Johnson. However, we amend the award of judicial interest associated with same to reflect that judicial interest is due on the $10,000.00 attorney fee award *394 from the date of the judgment until paid. Appeal costs in the amount of $507.85 are assessed against the School Board. This memorandum opinion is issued in compliance with Uniform Rules — Courts of Appeal, Rule 2-16.1(B).
AFFIRMED AS AMENDED.

. At all pertinent times to this case, La. R.S. 23:1201.2 provided for attorney fees as follows:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney fees shall not apply to cases where the employer or insurer is found liable for attorney fees under this Section. The provisions of R.S. 22:658(C) shall be applicable to claims arising under this Chapter.
Although the statute was subsequently repealed by La. Acts 2003, No. 1204, § 2, La. R.S. 23:1201.2 is now incorporated in La. R.S. 23:1201.

. We note, as did Mr. Johnson in his appeal brief, that this court has previously awarded judicial interest on penalties and attorney fees in workers’ compensation cases from the date of judicial demand until paid. See Authement v. Wal-Mart, 2002-2434, p. 13 (La.App. 1 Cir. 9/26/03), 857 So.2d 564, 575; Hundley v. Bis-so Properties, 2002-2110, pp. 10-11 (La.App. 1 Cir. 6/27/03), 858 So.2d 545, 551-552; Spencer v. Gaylord Container Corp., 96-1230, p. 17 (La.App. 1 Cir. 3/27/97), 693 So.2d 818, 829-830; Kim v. East Jefferson Hosp., 96-0838, p. 12 (La.App. 1 Cir. 2/14/97), 691 So.2d 127, 134.