JjMICHAEL E. KIRBY, Judge.
Wanda Amar, appellant, appeals the judgment of the Office of Workers’ Compensation which found that she failed to carry her burden of proof that her personal injuries of 1997 and 1998 aggravated her 1994 job injury, as stated in La. R.S. 23:1310.8(B). '

STATEMENT OF THE FACTS

On October 18, 1994, Ms. Amar was an employee of Industrial Safety and Health, Inc. (“ISH”), and suffered a slip and fall accident at the Murphy Oil Refinery in Chalmette while on fire-watch duty. Due to this accident, she broke her left wrist and suffered lumbar, cervical and headache pains. ISH paid benefits to Ms. *440 Amar for her injuries from October 18, 1994, until April 25, 1995, the date by which she had been either discharged and/or released to return to work by all her original doctors. During the original trial of this matter held on May 2, 1997 (hereinafter “First Trial”), it was established that due to a miscalculation, stipulated to at trial by ISH, Ms. Amar was erroneously paid compensation at the rate of | ¡>$250.00 per week from October 10, 1994 to April 25, 1995, rather than the maximum compensation rate of $323.00 per week to which she was actually entitled. On October 9, 1997, the trial court handed down a judgment in favor of Ms. Amar finding that her job-related injury rendered her disabled through April 21, 1995, and requiring ISH to pay the higher benefit amount as well as any outstanding medical bills and penalties. ISH complied with this Judgment in a “Satisfaction of Judgment Conference” held in the offices of its counsel, James A. Holmes, on October 31,-1997, in which the judgment was explained to Ms. Amar line-by-line, as was the new calculation of benefits. Ms. Amar was thereupon presented with a check for $4,404.48 in full satisfaction of the trial court’s judgment.
Thereafter, on October 4, 1999, Ms. Amar again filed a Disputed Claim Compensation Form 1008. In this second filing, Ms. Amar sought a modification of the trial court’s October, 1997 award on the basis that she was “still having problems with formal [sic] injuries that occurred on 10/94.” Ms. Amar’s claim was heard at the August 9, 2000, trial forming the basis of this appeal (hereinafter “Modification Trial”). It was established at that trial through both Ms. Amar’s own testimony and her treating physicians’ reports that she had been either discharged and/or released to return to work by all her original doctors no later than April 21, 1995. Furthermore, ISH did not cease paying Ms. Amar’s compensation benefits until after all her doctors had either discharged her completely, or released her to return to work.
lain addition, evidence was presented at the Modification Trial that since April 21, 1995, the date through which the trial court originally rendered Ms. Amar disabled, she had been involved in two relatively severe accidents involving motor vehicles. The first accident occurred on March 16, 1997, wherein Ms. Amar, as a pedestrian, was hit by a vehicle operated by an allegedly drunk driver in the parking lot of Bally’s Casino. It was also established that Ms. Amar had been in a second intervening accident which occurred on May 22, 1998, in which the car she was driving was broadsided when the other driver failed to yield the right of way.
Following a trial on the merits, the lower court found in favor of ISH, and in its judgment of January 3, 2001, declared that claimant had failed to carry her burden that her personal injuries of 1997 and 1998 aggravated her 1994 job injury from which the court was of the opinion that she had fully recovered by April 21, 1995. The workers’ compensation court accordingly dismissed the claim.
The evidence adduced at trial plainly indicates that Ms. Amar suffered injuries to her neck and back in both accidents which occurred subsequent to the 1994 ISH accident. Ms. Amar testified in the Modification Trial of August 9, 2000, that she only seeks to recover for her neck and back pain. However, Ms. Amar failed to produce any corroborating medical evidence whatsoever to prove that the present condition of her neck and back is due to her 1994 work-related accident and not to the two intervening accidents revealed and proven at the trial of this matter. *441 ISH contends on appeal as it did at trial that Ms. Amar is therefore unable to satisfy her burden of showing a “change in condition” sufficient to justify |modification under La. R.S. 23:1310.8 of the trial court’s original ruling of October 9,1997.

STATEMENT OF THE LAW

Ms. Amar seeks reversal of the workers’ compensation judge’s ruling. For an appellate court to overturn the ruling of a trial court, there must be factual and/or legal error. The appellate court does not have the authority to reverse a factual finding, unless that finding is clearly wrong or manifestly erroneous. Sander v. Brousseau, 2000-0098 (La.App. 4 Cir. 10/4/2000), 772 So.2d 709; Baldwin v. Greater Lakeside Corp., 93-768 (La.App. 5 Cir. 1/25/94), 631 So.2d 1238.
Ms. Amar argues that she is entitled to a modification of her original workers’ compensation award on the basis that she was “still having problems with formal [sic] injuries that occurred on 10/94.” The statute under which Ms. Amar sought an increase is La. R.S. 23:1310.8(B) which states:
Upon the application of any party in interest, on the ground of a change in conditions, the workers’ compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded....
The Louisiana Supreme Court interpreted this statute’s phrase “change in conditions” as establishing the following standard:
The employee is not permitted to relitigate his original condition but must show a change in his compen-sable condition, such as progression, deterioration, or aggravation of the condition, achievement of a disabling character by a previously asymptomatic complaint, appearance of new and more serious features, or failure to recover within the time | ¡¡originally predicted. Bordelon v. Vulcan Materials Co., 472 So.2d 5, 10 (La.1985) [Emphasis added.]
Since Ms. Amar brought the application under La. R.S. 23:1310.8(B), she bears the burden of proof to demonstrate her change of condition and its causal relation with the employment accident by a preponderance of the evidence. Walton v. Normandy Village Homes Association, Inc., 475 So.2d 320, 324 (La.1985).
“Where an injured worker proves the occurrence of an accident and subsequent disability, and where there is no proven intervening cause, a presumption is raised that the work-related accident caused the disability.” Lemoine v. Hessmer Nursing Home, 94-836 (La.App. 3 Cir. 3/1/95), 651 So.2d 444, citing, Bruno v. Guaranty Bank & Trust Co., 617 So.2d 1351 (La.App. 3 Cir.1993). Ms. Amar alleges changes in her medical condition, and without questioning her sincerity, the workers’ compensation judge had several grounds in the record upon which to deny a modification to her benefits. Two grounds were the non-work related intervening accidents. In one accident Ms. Amar was hit by a car while she was walking in a parking lot, and in the other accident she was in a vehicle that was broad-sided by another. Due to these accidents, she had to visit Charity Hospital.
Ms. Amar, who represented herself, produced no medical records at trial. Her case consisted in her testimony and the testimony of her friend Donald Taylor. This testimony was not sufficient to satisfy her burden of proving a change in her compensable condition, especially given the two accidents that intervened from the time of her work-related accident. Even *442 though the defendants had no burden of | fiProof, they produced medical records that stated that Ms. Amar could return to work and had recovered as of April 1995, before the two intervening accidents.

CONCLUSION

Based upon the medical evidence, or rather the lack thereof, we find that the workers’ compensation judge committed no manifest error in finding that Ms. Amar did not meet her burden of proving a change in her compensable condition.
AFFIRMED.