917 So.2d 1191 (2005)
Timothy S. DICK, Plaintiff-Appellant,
v.
B & B CUT STONE COMPANY, L.L.C., Defendant-Appellee.
No. 40,441-WCA.
Court of Appeal of Louisiana, Second Circuit.
December 14, 2005.
*1192 Michael D. Cox, Timothy S. Dick, for Appellant.
Casten & Pearce by Claude W. Bookter, Jr., Shreveport, for Appellee.
Before GASKINS, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
Claimant Timothy Dick appeals from a judgment of the Office of Workers' Compensation ("OWC") dismissing his claim for compensation benefits against B & B Cut Stone Company ("B & B"). For the reasons stated herein, we affirm.

PROCEDURAL HISTORY
On April 30, 2004, Mr. Dick filed a formal claim for compensation with the OWC; he sought both wage and medical benefits as well as penalties and attorney fees. Mr. Dick was represented by counsel at the time he filed his claim. B & B answered the claim; the company denied that the claimant had been injured in their employ and denied that the claimant had reported the injury. In August 2004, the Workers' Compensation Judge ("WCJ") issued a pre-trial order. Among other deadlines, the order specified that subpoenas to lay witnesses must be issued seven days before trial and that exhibits must be exchanged ten days before trial. On September 1, 2004, Mr. Dick's attorney withdrew, leaving the claimant to represent himself.
In November 2004, B & B filed a pretrial order; Mr. Dick did not. On March 16, 2005, Mr. Dick requested by letter that *1193 the OWC issue subpoenas to three witnesses: Ray Eason, Henry Caldwell and Ray Roberts, all fellow employees of the claimant at B & B. The letter contained complete addresses for Mr. Eason and Mr. Caldwell, but only the street name and city for Mr. Roberts. Also in March 2005, B & B filed a pre-trial brief; Mr. Dick did not. A trial date was set and continued several times; the trial was held on May 30, 2005.
When Mr. Dick's case was called, Mr. Dick and one of his witnesses, Henry Caldwell, appeared for the claimant. Mr. Dick explained that, on May 28, two days before, he hand-delivered subpoenas to Mr. Eason and to Mr. Roberts, but he had no proof of service. The court informed Mr. Dick that subpoenas had to be issued no later than 45 days in advance of the hearing and that the claimant's subpoenas were untimely.[1] The court denied Mr. Dick's motion for a continuance and proceeded with the trial.
Mr. Dick attempted to introduce two medical records  an MRI report from April 1, 2004, and a progress note from March 2004  but the court refused to allow either exhibit because Mr. Dick had not filed a pretrial statement identifying the evidence. Both documents were accepted as proffers. Proffer P-2, the progress note, reflects complaints of back pain and tenderness, limitation of motion and difficulty with the straight leg raise. It bears a handwritten note, possibly written by the doctor, which appears (the handwriting is difficult to read) to state "possibly work-related injury." Proffer P-1, the MRI report, reflects an admitting diagnosis of "possible Parkinson disease & tremmors (sic)." The impression section of the report states:
Degeneration and protrusion corresponding to the L4-L5 and L5-S1 intervertebral discs centrally with extension to both sides producing stenosis of the lateral recesses and neural foramina. The changes are more prominent corresponding to L5-S1.
At the conclusion of Mr. Dick's testimony, the trial court granted the employer's motion for involuntary dismissal.

FACTS
B & B is a Shreveport business that produces various products from granite and marble. Mr. Dick was employed by B & B as a quality control specialist; he worked for the company for 13 years. According to Mr. Dick, while he was working on February 24, 2004, the company forklift ran out of propane fuel and stopped in the street, blocking traffic. Mr. Dick said that he picked up a full bottle of propane to refuel the forklift and injured his back moving the heavy bottle. He testified that he immediately reported the injury to B & B supervisor Mark McCormick and another B & B employee, Melvin Strickland. He said that he then immediately reported the injury to Ray Eason. There is no evidence that any B & B employee contemporaneously completed a written accident report. He said that he worked in pain for several days afterward because he thought he only had a pulled muscle.
Mr. Dick testified that B & B "wasn't going to cooperate," so he went to see a doctor who was paid by his medical insurance. Mr. Dick did not submit the doctor's bill to B & B for payment. He *1194 testified that the doctor directed him not to lift more than ten pounds. B & B laid off Mr. Dick on or about March 3, 2004, due to a work shortage, and did not rehire him, although they had done so in the past after other layoffs. Mr. Dick admitted that he drew unemployment benefits after he was laid off. He did not specifically state that he was unable to work due to his injury, but said that his vehicle was repossessed "during the course of not being able to work...."
The court was not persuaded by Mr. Dick's evidence and dismissed his case. Mr. Dick subsequently retained counsel and now appeals.

DISCUSSION
On appeal, Mr. Dick asserts four assignments of error (verbatim):
1. The trial court failed to permit the plaintiff to admit his documentary evidence into evidence.
2. The trial court abused its discretion in failing to enforce its subpoenas by writ of attachment or by continuing the trial, in the alternative, until the plaintiff's witnesses could be brought in to testify pursuant to their subpoenas.
3. The trial court abused its discretion by violating its pre-trial order of August 4, 2004, by starting the trial before the plaintiff filed his pre-trial brief in accordance with the said pre-trial order which mandated the submission of a pre-trial statement by both parties.
4. The trial court abused its discretion by granting the defendant's motion for involuntary dismissal.
In order to recover workers' compensation benefits, an injured employee must prove by a preponderance of the evidence that he suffered a "personal injury by accident arising out of and in the course of his employment." La. R.S. 23:1031(A).
A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Corroboration may also be provided by medical evidence.
In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Indeed, the manifest error/clearly wrong standard of appellate review applies in compensation actions even when the trial court's decision is based solely upon written reports, records or depositions.
Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992) (citations omitted).
Provided that the plaintiff has completed the presentation of his case, an involuntary dismissal may be granted in a workers' compensation case. See LAC 40:I:6211; Taylor v. Tommie's Gaming, 04-2254 (La.5/24/05), 902 So.2d 380. La. C.C.P. art. 1672 provides, in part:
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, *1195 any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
La. R.S. 23:1317 provides, in pertinent part:
A. If an answer has been filed within the delays allowed by law or granted by the workers' compensation judge, or if no judgment has been entered as provided in R.S. 23:1316 at the time for hearing or any adjournment thereof, the workers' compensation judge shall hear the evidence that may be presented by each party. Each party shall have the right to be present at any hearing or to appear through an attorney. The workers' compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence and all compensation payments provided for in this Chapter shall mean and be defined to be for only such injuries as are proven by competent evidence, or for which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself. The workers' compensation judge shall decide the merits of the controversy as equitably, summarily, and simply as may be. (Emphasis added.)
Although the rules of evidence and procedure are relaxed in workers' compensation proceedings, such proceedings are nonetheless lawsuits to be conducted in conformity with the accepted standards of practice and procedure. Taylor, supra.
In the case sub judice, much of Mr. Dick's argument centers on the refusal of the judge to admit his evidence or to continue the trial so his witnesses could appear. Although Mr. Dick was appearing pro-se, he still was required to follow the workers' compensation hearing rules. Chauvin v. Southern Technology & Service, Inc., 03-2856 (La.App. 1st Cir.10/29/04), 888 So.2d 980. Like the claimant in Chauvin, Mr. Dick failed to obtain certified copies of his medical records.
LAC 40:I:6209 provides:
Expert medical testimony may be admitted by:
(1) Reports of any health care provider certified as a true copy in accordance with the Louisiana Revised Statutes 13:3715.1.
(2) Deposition.
(3) Oral examination in open court proceedings; however, no more than two physicians may present testimony for either party except by order of the judge.
(4) Any other manner provided by law.
This rule, promulgated by the Louisiana Department of Labor, is one of those "herein provided" under La. R.S. 23:1317 and, hence, one that must be observed.
Likewise, there are special rules for continuances and subpoenas in workers' compensation cases. LAC 40:I:6103 provides, in part:
2. A continuance shall not be granted for the absence of a subpoenaed witness if the subpoena was not issued in accordance with Section 5909 of these rules.
LAC 40:I:5909 provides:
4. Subpoenas issued in connection with any workers' compensation matter shall *1196 be served by the party requesting issuance of the subpoena, and may be served by certified mail return receipt requested or any other manner provided in Section 5511. Proof of service shall be the responsibility of the party requesting the subpoena. Once issued and served, a subpoena may be canceled by the requesting party only after written notice to the opposing side. It shall be the responsibility of the requesting party to provide written notification of cancellation to all opposing parties as well as the person under subpoena.
5. In order to be enforceable, subpoenas for hearing shall be served seven (7) days prior to the scheduled hearing date; subpoenas to compel attendance of medical experts shall be served ten (10) days prior to hearing. Subpoenas for hearing may be issued after expiration of these time limits only by leave of court for good cause shown or upon written consent of all parties. (Emphasis added.)
The record indicates that Mr. Dick did not timely serve the subpoenas on the witnesses and, thus, was not entitled to a continuance.
Further, the OWC has rules concerning pretrial orders. LAC 40:I:6001 provides, in part:
3. At the conclusion of the scheduling conference and no longer than fourteen days following the conference, a scheduling order, developed by the director, shall be issued by the judge setting forth the actions taken and deadlines set at the conference. Such order shall control the subsequent course of the claim, unless modified to prevent manifest injustice upon motion of a party or by order of the court.
See also LAC 40:I:6007 relating to pre-trial statements. None of the WCJ's rulings in this regard were manifestly unjust to Mr. Dick, who had many months to prepare for the hearing.
Apart from the procedural problems, and assuming that the medical records had been admitted into evidence, Mr. Dick still failed to prove that he suffered a compensable injury as a result of his accident. Assuming, arguendo, that he felt back pain after lifting the propane bottle, there is not a preponderance of evidence that Mr. Dick's subsequent back pain was caused by this accident. Proffer #2 says only that the injury was "possibly" work-related; and the subsequent MRI report, which is not self-explanatory, describes the irregularity in Mr. Dick's spine as a "degeneration and protrusion." Thus, the evidence was at best equivocal that Mr. Dick's back problems resulted from the accident at work. Likewise, Mr. Dick did not unequivocally testify that he missed any work due to the accident. Even if the WCJ erred in refusing either to continue the hearing or to admit the medical evidence, Mr. Dick failed to prove by a preponderance of the evidence that he suffered "personal injury by accident arising out of and in the course of his employment." La. R.S. 23:1031(A). Accordingly, the WCJ properly dismissed his claim.

CONCLUSION
For the foregoing reasons, the judgment of the WCJ dismissing Claimant's case with prejudice is affirmed. Costs of this appeal are assessed to Timothy Dick.
AFFIRMED.
NOTES
[1] This panel is uncertain of the basis on which the trial court stated that the subpoenas must issue 45 days in advance of the hearing. B & B states that it did not recall the WCJ saying "45 days," but recalls him saying "4 or 5 days." In any event, the subpoenas in this case were not timely served. See LAC 40:I:5909, infra, providing that subpoenas be served 7 days prior to the scheduled hearing date and 10 days prior to the hearing date for medical experts.