MAX N. TOBIAS, JR., Judge.
 

 | Audrey Williams (“Williams”) appeals the judgment by the Office of Workers’ Compensation granting the motion for involuntary dismissal filed by the Orleans Parish School Board (“OPSB”). For the following reasons, we affirm.
 

 Williams filed a disputed claim for compensation alleging that she was injured on 7 July 1998 in the course and scope of her employment with the OPSB. The parties entered into a consent judgment on 17 October 2000 regarding her initial disputed claim for compensation. She filed the instant disputed claim for compensation on 13 September 2001, alleging that the consent judgment entered into on 17 October 2000 was insufficient; that medical evidence was withheld; and that she suffered a change of condition to total, permanent disability. Williams was represented by counsel at the time the consent judgment was entered and during various portions of the present claim.
 

 The OPSB answered the disputed claim for compensation, asserting affirmative defenses and alleging that all compensation due Williams had been paid.
 

 
 *50
 
 At trial on 16 June 2010, Williams attempted to offer into evidence 50 items. Of the 50 items, the court admitted five items into evidence and held the remaining 1 g45 inadmissible. The court allowed Williams to introduce two letters written to the court; the deposition of Dr. Manale, a treating physician; a pay summary from the OPSB; and a prescription profile. Of the 45 items deemed inadmissible, 42 were uncertified medical records and billing statements; one was a letter between Williams’ prior attorneys; one was an un-certified document from the Social Security Administration, with uncertified medical records attached; and one was a check stub for reimbursement of medical travel. Williams did not proffer the excluded documents. At the close of Williams’ testimony, the OPSB moved for an involuntary dismissal, which the trial court granted. From that judgment, Williams appeals.
 

 An appellate court reviews workers’ compensation cases like that before this court under the manifest error or clearly wrong standard of review.
 
 Dean v. Southmark Construction,
 
 03-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117. The findings of a workers’ compensation judge will not be set aside unless they are found to be clearly wrong in light of the record in its entirety.
 
 Id.
 

 In a trial, once a plaintiff has completed the presentation of his evidence, any party may move for dismissal of the action as to him on the ground that upon the facts and law, plaintiff has shown no right to relief. La. C.C.P. art. 1672 B. The standard for granting an involuntary dismissal in a bench trial in a defendant’s favor is lower than the standard for granting a directed verdict in a jury trial.
 
 Falgout v. Louis-Jeune,
 
 00-2452, 00-2453, p. 9 (La.App. 4 Cir. 10/3/01), 799 So.2d 610, 616. In deciding a motion for directed verdict, the trial court is required to consider the evidence in the light most favorable to the plaintiff; in a motion for involuntary dismissal, the court is required to evaluate the evidence without applying any special inferences in favor of either party.
 
 Id.
 
 The trial court is |3granted much discretion in determining whether to grant a motion for involuntary dismissal.
 
 Id.
 
 at p. 9, 799 So.2d at 616-617.
 

 Williams’
 
 pro se
 
 brief to this court does not comport with the requirements of Rule 2-12.4 of the Uniform Rules of the Courts of Appeal, which requires that an appellant’s brief include:
 

 A concise statement of the case, the ruling or action of the trial court thereon, a specification or assignment of alleged error relied upon, the issues presented for review, an argument confined strictly to the issues of the case free from unnecessary repetition, giving accurate citations of the pages of the record and authorities cited and a short conclusion stating the precise relief sought.
 

 Williams’ brief lacks specification or assignment of alleged error, identification of issues presented for review, contains unnecessary repetition, and does not contain a citation to any page of the record. However, Williams is appearing
 
 pro se
 
 and we will address her arguments and examine the record using the applicable standard of review to determine whether error exists in the judgment.
 
 See
 
 La. C.C.P. art. 2129.
 

 Williams argues the amount of average weekly wages utilized to arrive at the supplemental earnings benefits awarded in the consent judgment was incorrect. Further, she argues that she was a seasonal employee and that the amount of supplemental earnings benefits should be calculated in accordance with that classification.
 

 A consent judgment has binding force from the presumed voluntary acqui
 
 *51
 
 escence of the parties, not from adjudication by the court, and may be annulled or rescinded for an error of fact or error of the principal cause of the agreement.
 
 Taylor v. Orleans Parish School Bd.,
 
 03-2023, p. 4 (La.App. 4 Cir. 9/1/04), 883 So.2d 449, 451.
 

 1 ./Williams asserts errors of fact in the consent judgment. To support her argument, she relies upon her testimony and her payroll records from January 1998 through June 1998. The consent judgment does not state an average weekly wage. However, it provides, “[djefendant, ORLEANS PARISH SCHOOL BOARD, agrees to reinstate monthly Supplemental Earnings Benefits in the amount of $87.09 per month (Eighty-seven dollars and nine cents) in accordance with vocational rehabilitation services and identification of light duty employment on February 11, 2000.” [Emphasis supplied.] The amount of an award of supplemental earnings benefits is based upon the differences between the claimant’s pre-injury average wage and the claimant’s proven post-injury monthly earning capacity.
 
 See
 
 La. R.S. 23:1221(3)(a);
 
 Taylor v. J.C. Penney,
 
 06-1520, p. 12 (La.App. 4 Cir. 5/23/07), 959 So.2d 549, 556. The judgment clearly states that it took into account reports that Williams was able to engage in light duty employment, even if she did not actually work. She alleges that she was a seasonal employee and that she has never been able to work.
 

 The court allowed the deposition of Dr. Manale to be introduced. Dr. Manale began treating Williams in 2007, but his medical office had been treating her since 1998. Dr. Manale acknowledged that the doctors from his medical office who had treated Williams in the past indicated that she could engage in light work, but that she should not be a laborer. He stated that he knew that other doctors concluded that she could engage in light duty employment as late as December 2004. In her calculations, Williams ignores the finding that she could perform light duty employment. She failed to demonstrate that her average weekly wage, coupled with the finding that she could perform light duty employment, provided an incorrect figure for supplemental earnings benefits.
 

 | r,Further, Williams states that her medical evidence was withheld during the first proceeding. She was represented by counsel during the first proceeding and specifically at the time of the consent judgment. No proof in the record before us establishes that any counsel withheld medical evidence from the trial court.
 

 Thus, the decision of the workers’ compensation judge denying Williams’ request to overturn or modify the consent judgment on the issue of calculations is not clearly wrong or manifestly erroneous.
 

 Next, Williams argues that the OPSB owes her past due payments of temporary total disability from 18 October 2000 thru 19 August 2001 and permanent disability or total impairment from August 2001 to the present.
 

 A claimant is allowed to seek a modification of a workers’ compensation judgment. Specifically, the law provides:
 

 Upon the application of any party in interest, on the ground of a change in conditions, the workers’ compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers’ Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediate
 
 *52
 
 ly send to the parties a copy of the award.
 

 La. R.S. 23:1310.8 B.
 

 Therefore, Williams bears the burden of proving a change in her condition and its causal relation with the employment accident by a preponderance of the evidence.
 
 Amar v. Industrial Safety and Health,
 
 01-0772, p. 5 (La.App. 4 Cir. 1/2/02), 805 So.2d 439, 441. The
 
 Amar
 
 court noted that the Louisiana Supreme Court interpreted the phrase “change in condition”, as utilized in La. R.S. 23:1310.8 B, as follows:
 

 | r,The employee is not permitted to reliti-gate his original condition but must show a change in his compensable condition, such as progression, deterioration, or aggravation of the condition, achievement of a disabling character by a previously asymptomatic complaint, appearance of new and more serious features, or failure to recover within the time originally predicted.
 

 Amar,
 
 pp. 4-5, 805 So.2d at 441,
 
 quoting Bordelon v. Vulcan Materials Co.,
 
 472 So.2d 5, 10 (La.1985).
 

 As previously noted, Williams testified that since the accident, she has always been medically unable to work and unable to earn 90% of her wages. However, she is not entitled to relitigate her
 
 initial
 
 condition. She must prove a change in her compensable condition.
 

 To prove her claim of temporary and/or permanent disability, Williams sought to introduce 42 documents — medical records and billing statements. A workers’ compensation judge is not be bound by technical rules of evidence or procedure other than as specifically provided in La. R.S. 23:1317 or other laws. One of the rules promulgated by the Louisiana Department of Labor is LAC 40:1:6209, which provides:
 

 Expert testimony may be admitted by:
 

 (1) Reports of any health care provider certified as a true copy in accordance with the Louisiana Revised Statutes 13:3715.1.
 

 (2) Deposition.
 

 (3) Oral examination in open court proceedings; however, no more than two physicians may present testimony for either party except by order of the judge.
 

 (4) Any other manner provided by law.
 

 See also Dick v. B & B Cut Stone, Co., L.L.C.,
 
 40,441, pp. 6-7 (La.App. 2 Cir. 12/14/05), 917 So.2d 1191, 1195.
 

 17While Williams appeared
 
 pro se,
 
 she was still required to follow the workers’ compensation hearing rules.
 
 Dick,
 
 at p. 6, 917 So.2d at 1195. She lacked certified copies of her medical records; the uncertified copies were properly excluded from evidence by the trial judge. The uncertified copies of her medical records, as well as any other evidence not properly and officially offered and introduced, cannot be considered.
 
 Ritter v. Exxon Mobile Corp.,
 
 08-1404, p. 9 (La.App. 4 Cir. 9/9/09), 20 So.3d 540, 546,
 
 citing Denoux v. Vessel Management Services, Inc.,
 
 07-2143 (La.5/21/08), 983 So.2d 84. Williams attached documents to her appellant brief, mostly medical records. She obtained certified copies of some of the records that were excluded at trial because they were uncertified. However, an appellate court has no authority to consider evidence presented for the first time on appeal.
 
 Rogers v. Wackenhut Services, Inc.,
 
 05-0459, p. 8 (La.App. 5 Cir. 1/17/06), 921 So.2d 1076, 1081. Thus, we are unable to consider any documents attached to Williams’ appellant brief that were not admitted into evidence at trial.
 

 The workers’ compensation judge properly allowed Dr. Manale’s deposition to be introduced into evidence. As to Williams’
 
 *53
 
 condition up to 2004, Dr. Manale testified that he knew other doctors from his office found Williams could engage in light duty-employment as of December 2004 based on notations in her chart.
 

 As to her current condition, Dr. Manale testified that Williams should not work due to multiple problems. Dr. Ma-nale averred that Williams appeared to be in considerable pain during her initial visit with him in 2007. He stated that “her neck showed restricted motion, tenderness, and [sic] but a normal neurologic exam. In other words, I couldn’t detect any weakness or paralysis in her limbs, upper limbs.” As for his lumbar exam of her, Dr. Manale testified it “showed that |sshe had a little scoliosis, tenderness over the muscles, restricted motion with spasm. Once again, a normal neurologic examination as far as motor exam, sensation, and reflexes.” Dr. Manale reviewed a lumbar x-ray taken in Texas and noted that the x-ray revealed arthritis. Dr. Manale noted that Williams had tenderness over her knee joint lines and that she did not have complete motion. However, he stated that the x-rays he reviewed showed arthritis, narrowing of the joint space, and osteo-phytes. Significantly, Dr. Manale testified that the chart indicated that no changes in symptom complaints between Williams’ last visit at his medical office on 20 June 2005 and his initial visit with her on 17 October 2007 existed. He never testified that Williams suffered a change in her condition that is causally related to the employment-related accident of 7 July 1998, and he never testified that Williams’ current multiple problems preventing her from working were related to the 7 July 1998 fall. Also, Dr. Manale testified that two current diagnoses for Williams include radiculopathy and probable diabetic poly-neuropathy. However, he failed to causally connect those conditions to her fall.
 

 After reviewing the record in its entirety, we find Williams failed to prove a change in her condition causally related to her fall of 7 July 1998. We find the workers’ compensation judge committed no manifest error in finding that Williams failed to meet her burden of proof and granting the OPSB’s motion for involuntary dismissal.
 

 Lastly, Williams argues she is entitled to penalties and attorneys’ fees for the OPSB’s arbitrary and capricious failure to pay benefits and in terminating her benefits. Notably, Williams’ pre-trial statement states, “[i]t is submitted that the Board has relied up [sic] reliable documentation inasmuch as they should not be | ¡found to be arbitrary and capricious in this matter. The only issue is totals and permanency of her disability.” Williams did not raise the issue of penalties and attorneys’ fees at her trial before the workers’ compensation judge. An appellate court generally may not consider any question that has not been determined by the court of original jurisdiction.
 
 Razor v. New Orleans Dept. of Police,
 
 04-2002, p. 5 (La.App. 4 Cir. 2/15/06), 926 So.2d 1, 5. Therefore, we decline to consider Williams’ arguments concerning penalties and attorneys’ fees.
 

 Accordingly, the judgment granting the motion for involuntary dismissal is affirmed.
 

 AFFIRMED.