JAMES F. McKAY III, Chief Judge.
Lin this tort case, the plaintiffs, Richard and Rhonda Ragas, appeal the trial court’s granting of involuntary dismissals in favor *689 of the defendants, the Plaquemines Parish Government, Jennifer Daigle Tassin, and Adam Barrios. We affirm.
FACTS AND PROCEDURAL HISTORY
On June 29, 2006, Leon Ragas severely cut his arm while using an electric grinder to clean a large crab boiling pot that he found on the side of the road. This accident took place in Buras, Louisiana approximately ten months after Hurricane Katrina had decimated the lower parts of Plaquemines Parish, including Buras. Because of this widespread devastation, ambulances would go no further south than Port Sulphur on service calls. Therefore, Mr. Ragas’s nephew, Richard Ragas, and his nephew’s wife, Rhonda Ragas, loaded the elder Mr. Ragas into the backseat of their pickup truck in order to transport him north on Louisiana Highway 28. Richard and Rhonda Ragas called 911 from the truck and were told that an ambulance would meet them at the government complex in Port Sulphur, ^approximately thirty miles to the north. They called 911 a second time to confirm that law enforcement officials were aware of their situation.
At approximately 11:48 a.m., while they were on patrol in Nairn, Louisiana, Deputies Jennifer Daigle Tassin and Adam Barrios observed the Ragas pickup truck trav-elling northbound on Highway 28 at a very high rate of speed. Thereupon, the deputies pursued the pickup truck in order to effect a traffic stop. Deputy Barrios contacted headquarters to determine if any emergencies had been reported in the lower end of Plaquemines Parish, and headquarters told him that there had been no reports of any emergency.[1] Both deputies pursued the pickup truck with their lights and sirens activated, but Richard Ragas did not stop. Eventually, Deputy Tassin was able to get onto the side of the truck, and verbally ordered Mr. Ragas to pull over and stop the vehicle. Mr. Ragas refused and Deputy Tassin then pulled in front of the truck and slowed down in an attempt to get the truck to stop. The truck then pulled into the southbound lanes of Highway 23 and ran several vehicles off the highway in order to get around Deputy Tassin. The truck finally pulled into the Plaquemines Parish Government building parking lot in Port Sulphur where it proceeded towards a waiting ambulance and stopped beside it.
Once arriving in the parking lot, Richard Ragas assisted the EMT’s, Latonia Elias and Paxton Morgan, with getting his uncle out of the vehicle.[2] Thereafter, | ¡¿Richard Ragas began cursing, yelling and putting his fingers in the face of Deputy Barrios. Deputy Barrios advised Mr. Ragas that he was going to be arrested for his actions on the road and in the parking lot. When Deputy Barrios attempted to place Mr. Ragas under arrest, Mr. Ragas resisted. Rhonda Ragas also interfered with Deputy Barrios in his attempt to arrest Mr. Ragas. Deputy Tassin ordered Mrs. Ragas to move away from Deputy Barrios, but Mrs. Ragas refused to comply with that order. In fact, Mrs. Ragas struck Deputy Tassin in the back of the head with a closed fist. After gaining control of the situation, the deputies placed both Mr. and Mrs. Ragas under arrest.[3] Mr. Ragas was issued a summons and released at the scene. Mrs. *690 Ragas was then transported to the Belle Chase lock-up where she was issued a summons because there was a lack of jail space. Later that day, both Mr. and Mrs. Ragas went to the hospital to pick up Leon Ragas.
On June 28, 2007, Richard and Rhonda Ragas filed a petition for damages sounding in tort in the Twenty-Fifth Judicial District Court, naming Plaquemines Parish Sheriff Jiff Hingle and ABC Insurer as defendants. The plaintiffs later amended their lawsuit to name additional defendants, including the Plaquemines Parish Sheriffs Office, the Plaquemines Parish Government, Deputies Tassin and Barrios, and a number of other Sheriffs Office personnel. The amended petition also alleged causes of action under 42 U.S.C.A. Sections 1983, 1985(3), and 1986 for constitutional violations, deprivation of liberty, excessive force, abuse of process, intentional infliction of emotional distress, false arrest, false | imprisonment, malicious prosecution, and defamation. The matter proceeded to trial on June 4 and 5, 2013. During the trial, the plaintiffs voluntarily dismissed with prejudice all of the defendants with the exception of the Plaque-mines Parish Government and Deputies Tassin and Barrios. Following the close of the plaintiffs’ case, the remaining defendants moved for involuntary dismissal pursuant to La. C.C.P. art. 1673. The trial court granted the defendants’ motions for involuntary dismissal, dismissing all claims against them with prejudice with all costs taxed to the plaintiffs. It is from this judgment that Mr. and Mrs. Ragas now appeal.
DISCUSSION
On appeal, the plaintiffs raise the following lone assignment of error: “[t]he Judge was clearly biased, had obviously pre-judged the matter, did not conduct a fair trial and was clearly wrong in granting the motions for involuntary dismissal.”
In an action by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence. La. C.C.P. art. 1672(B).
The trial court has much discretion in deciding a motion for involuntary dismissal. Guidry v. City of Rayne Police Dep’t, 2009-664, p. 2 (La.App. 3 Cir. 12/9/09), 26 So.3d 900, 902. A motion for involuntary dismissal requires the trial court to evaluate all of the evidence presented by the claimant and render a decision based upon the preponderance of the evidence. Lowe v. Skyjacker Suspensions, 45,058, p. 5 (La.App. 2 Cir. 3/3/10), 32 So.3d 340, 343. The standard for granting an involuntary dismissal in a defendant’s favor in a bench trial is lower than the standard for granting a directed verdict in a jury trial, where the trial court is required to consider the evidence in the light most favorable to the plaintiff. Falgout v. Louis-Jeune, 2000-2452, 2000-2453, p. 9 (La.App. 4 Cir. 10/3/01), 799 So.2d 610, 616. In a motion for involuntary dismissal, the trial court is required to evaluate the evidence without applying any special inferences in favor of either party. Williams v. Orleans Parish School Bd., 2010-1441, p. 2 (La.App. 4 Cir. 2/9/11), 61 So.3d 48, 50. The trial court should grant the motion for involuntary dismissal and dismiss the matter if the evidence is found to be insufficient to establish the plaintiffs *691 case by a preponderance of the evidence. Vintage Wings & Things, LLC v. Toce & Daiy, LLC, 2004-706, p. 8 (La.App. 3 Cir. 11/10/04), 886 So.2d 652, 657. The appellate court will not reverse an involuntary dismissal made at the close of plaintiffs evidence in the absence of manifest error. Brooks v. Minnieweather, 46,900, p. 7 (La.App. 2 Cir. 1/25/12), 86 So.3d 684, 689. There is no manifest error if there is a reasonable factual basis for the finding of the trial court. Id.
In the instant case, the trial court granted the defendants’ motion for involuntary dismissal for two reasons. The first, pertaining to the Plaquemines | fiParish Government, is that the plaintiffs failed to name the proper party defendant. The second, pertaining to all defendants, is that the trial court did not find the plaintiffs to be credible witnesses.
The plaintiffs should have named the Plaquemines Parish Communications District, and not the Plaquemines Parish Government, as a proper defendant in this case. La. R.S. 33:9109(A)(1) states that “[t]he governing authority of any parish may by ordinance create communications districts composed of any or all of the territory lying wholly within the parish.” La. R.S. 33:9101(A)(3) provides that “[a]ny district created in accordance with the provisions of this Section shall be a political and legal subdivision of the state, with the power to sue and be sued in its corporate name and to incur debt and issue bonds.” Through Plaquemines Parish Ordinance 88-121, the Plaquemines Parish Government created the Plaquemines Parish Communications District in accordance with La. R.S. 33:9109(A)(1). The purpose for creating such a district is to limit liability with immunity from civil damages except for damages resulting from “willful or wanton misconduct or gross negligence.” See La. R.S. 33:9108(A).
The trial court heard testimony from the plaintiffs as well as Leon Ragas, Latonia Elias, and Paxton Morgan. The plaintiffs’ testimony was not consistent with that of Leon Ragas and was in direct conflict with the testimony given by the EMT’s, Ms. Elias, and Mr. Morgan. Based upon these discrepancies, the trial court found that Richard and Rhonda Ragas were not credible witnesses and it discounted their testimonies.
17In matters of credibility, an appellate court gives great deference to the findings of the trier of fact. Franz v. First Bank Systems, Inc., 2003-0448, 2003-1470, p. 9 (La.App. 4 Cir. 2/11/04), 868 So.2d 155, 162. It is the task of the trial judge to determine the credibility of the witnesses and this determination will not be disturbed absent manifest error. Kraus v. Wheat, 2003-0393, p. 7 (La.App. 4 Cir. 9/3/03), 856 So.2d 45, 50. Where a fact finder’s finding is based on its decision to credit the testimony of one or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Lindsey v. USAA Property & Cas. Ins. Co., 2002-0797, p. 6 (La.App. 4 Cir. 10/9/02), 830 So.2d 335, 338-39. Accordingly, we find no error in the trial court’s finding that Richard and Rhonda Ragas were not credible witnesses. Due to their lack of credibility, the plaintiffs would not be able to establish their case by a preponderance of the evidence.
CONCLUSION
For the above and foregoing reasons, the trial court’s judgment granting the defendants’ motions for involuntary dismissal of the plaintiffs’ action is affirmed.
AFFIRMED.

. We find it troubling that although Mr. and Mrs. Ragas had called 911 twice, the deputies were informed by headquarters that no emergencies had been reported.

. The EMT’s then transported Leon Ragas to the hospital.

. Richard and Rhonda Ragas were each charged with resisting arrest and battery on a police officer.