888 So.2d 980 (2004)
Carl J. CHAUVIN
v.
SOUTHERN TECHNOLOGY & SERVICE, INC. and LWCC.
No. 2003 CA 2856.
Court of Appeal of Louisiana, First Circuit.
October 29, 2004.
Rehearing Denied December 10, 2004.
Carl J. Chauvin, Houma, Pro Se.
F. Dominic Amato, Merilla B. Miller, Baton Rouge, Counsel for Defendants/Appellees *981 Southern Technology & Service, Inc. and LWCC.
Before: WHIPPLE, FITZSIMMONS, AND DOWNING, JJ.
FITZSIMMONS, J.
Claimant/employee, Carl J. Chauvin, appeals the denial of his claim for ongoing or additional workers' compensation benefits from his employer, Southern Technology & Service, Inc. (Southern Technology). The workers' compensation judge held that Mr. Chauvin failed to prove a causal connection between his disability and the on-the-job accident. Based on our review of the facts and controlling law, this court affirms.
Mr. Chauvin was a welder/fitter. This court previously remanded his case to allow Mr. Chauvin his right to be treated by a physician of his choice. He was subsequently treated by Dr. Stephen Morris in August 2003. Thereafter, on October 1, 2003, a trial on the merits of Mr. Chauvin's pro se claim for workers' compensation benefits was held. At trial, the workers' compensation judge sustained an objection by counsel for Southern Technology to Mr. Chauvin's introduction into evidence of uncertified records of Dr. Morris and Dr. Alexis Waguespack. Thus, we are presented with the circumstance in which a pro se claimant was precluded from presenting critical evidence related to his treating physician because he failed to comply with the workers' compensation procedural rules.
Title 40, Part 1, § 6209 of the Department of Labor Office of Workers' Compensation Rules provides the following:
Expert medical testimony may be admitted by:
(1) Reports of any health care provider certified as a true copy in accordance with the Louisiana Revised Statutes 13:3715.1.
(2) Deposition.
(3) Oral examination in open court proceedings; however, no more than two physicians may present testimony for either party except by order of the judge.
(4) Any other manner provided by law.
Louisiana Revised Statute 13:3715.1 E expressly requires that the records be accompanied by a certificate that the copy of the records is a true copy of all records described pursuant to the subpoena and that the records were prepared by the health care provider in the ordinary course of the business of the health care provider. Pursuant to La. R.S. 23:1310.1 C, the workers' compensation judge was required to enforce Rule 2143. Brooks v. Leggett & Platt, Inc., 94-0617, p. 4 (La.App. 1 Cir. 11/9/95), 665 So.2d 432, 434-435.
One is naturally sympathetic to the fact that a non-lawyer claimant might not be cognizant of the procedural requisites of trial law, and in this instance, workers' compensation hearings. However, Mr. Chauvin acknowledges in his appellate argument that the hearing was continued in August 2003 at his request to "certify Stephen B. Morris, M.D., orthopedic specialist's diagnosis & prognosis on Chauvin's 8/14/03 appointment." Similarly, at the time of the hearing on the merits, the workers' compensation judge recalled having afforded Mr. Chauvin the opportunity to have the medical records certified. We do not find that the workers' compensation judge erred in sustaining the exclusion of non-certified medical evidence.
Absent the medical testimony presented on behalf of Mr. Chauvin, there is no refutation in the record of Dr. Cenac's expert opinion that Mr. Chauvin reached maximum medical recovery as of November 2, 2000 and that his extant symptoms predated the accident at issue. Dr. Cenac *982 opined that Mr. Chauvin could resume "medium" level work, such as welding, with restrictions that permitted frequent lifting of up to thirty pounds, but only occasional lifting of fifty pounds, as well as limited kneeling and crouching. In the absence of contrary medical evidence in the record, we cannot say that the workers' compensation judge manifestly erred in adopting the opinion of Dr. Cenac that Mr. Chauvin failed to establish a causal connection between his on-the-job injury and his current disability and symptoms.[1]Chaisson v. Cajun Bag & Supply Co., 97-1225, p. 8 (La.3/4/98), 708 So.2d 375, 380. Dura lex, sed lex.[2]
Accordingly, the decision of the workers' compensation court is affirmed. All costs associated with this appeal are assessed to claimant, Carl J. Chauvin.
AFFIRMED.
NOTES
[1] We note that a radiologist's report of an MRI of Mr. Chauvin taken on April 16, 1990 indicated that "[n]o bulging or protruding discs were noted...." An MRI report of images taken on June 16, 2000, after the alleged accident at issue, stated "Central and right paracentral disc protrusion at L5-S1 and far right lateral disc bulge at L2-L3 causing some decrease in fat in the right neural foramina." While Mr. Chauvin points out that the subsequent MRI indicates a deteriorated medical diagnosis, there is no medical evidence to contradict Dr. Cenac's opinion that an aggravation to Mr. Chauvin's degenerative disc disease resolved itself as of August 24, 2000, when the radicular pain subsided.
[2] The law is harsh, but it is the law.