999 So.2d 13 (2008)
Reynaldo ZAVALA
v.
ST. JOE BRICK WORKS.
No. 2007 CA 2217.
Court of Appeal of Louisiana, First Circuit.
October 31, 2008.
*16 John W. Redmann, Metairie, LA, for Plaintiff/Appellee Reynaldo Zavala.
Gregory J. Hubachek, Metairie, LA, for Defendants/Appellants St. Joe Brick Works and Bridgefield Casualty Insurance Co.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
DOWNING, J.
St. Joe Brick Works, Inc., and its insurer, Bridgefield Casualty Insurance Company (collectively, St. Joe), appeal an Office of Workers' Compensation Court (WCC) judgment in favor of St. Joe's former employee, Reynaldo Zavala. For the following reasons, we affirm the WCC judgment.
The WCC held that Mr. Zavala suffered a compensable work-related back injury on July 19, 2002. It further held that he suffered a compensable work-related aggravation to this injury on November 18, 2002, and suffered another re-injury on February 17, 2003. The judgment decreed that St. Joe pay Mr. Zavala temporary total disability benefits (TTD) in the amount of $336.00 per week based upon an average weekly wage of $503.75; St. Joe was also ordered to pay all outstanding medical expenses. St. Joe was sanctioned $2,000.00 in penalties and $2,000.00 in attorney fees for failing to reasonably controvert the claim for TTD benefits.
St. Joe's assignments of error are summarized as follows:
1. The WCC erred in admitting uncertified medical records into evidence;
2. The WCC erred in finding that Mr. Zavala was entitled to TTD benefits;
In the alternative, if there is no error in the TTD award, then the WCC erred in awarding supplemental earnings benefits (SEB);[1]
3. The WCC erred in finding the February 2003 accident work related.
4. The WCC erred in awarding La. R.S. 23:1201(F) penalties and attorney fees.

CERTIFICATION OF MEDICAL RECORDS
Louisiana Revised Statute 23:1317 mandates that the WCC's factual findings be based on "competent evidence." Chaisson v. Cajun Bag & Supply, Co., 97-1225, pp. 9-10 (La.3/4/98), 708 So.2d 375, 381. This legislative mandate is necessary because under the express language of R.S. 23:1317, WCCs are "not... bound by the technical rules of evidence." Id. In other words, the hearing officer has the discretion to admit evidence that would otherwise be inadmissible under the Louisiana Code of Evidence. Id. 97-1225 at p. 10, 708 So.2d at 381. This *17 more relaxed standard for evidence admissibility is the general rule in proceedings before administrative agencies. Id. The requirement that the factual findings be based upon competent evidence is a safeguard to ensure that factual findings are based on evidence that has some degree of reliability and trustworthiness, notwithstanding that the evidence might fall outside of the technical rules for admissibility. Id. Therefore, when a reviewing court evaluates the factual findings of the WCC under the manifest error standard, it must determine whether the factual findings are reasonable and supported by competent evidence in the record. Id. Although the Legislature has not defined "competent evidence," in order to give the relaxed evidentiary standard to R.S. 23:1317 effect, it must not be defined so narrowly as to mean only evidence that would fall within the parameters of the Louisiana Code of Evidence. If the WCC's factual findings are reasonably supported by competent evidence, then the reviewing court must affirm them. Id.
Here, St. Joe argues that many of Mr. Zavala's medical records should not have been submitted into evidence. St. Joe claims exhibits #6, #7, # 12, # 13, and #15 were admitted in error. It contends that all of Exhibits # 6 and # 7 were uncertified, and portions of Exhibits # 12 and # 13 were uncertified. It also claims that Exhibit # 15 was not only uncertified, but was admitted into evidence even though it was not produced in response to discovery requests.
Louisiana Revised Statute 13:3714 provides the following in pertinent part:
A. Whenever a certified copy of the chart or record of any hospital, signed by the administrator or the medical records librarian of the hospital in question, or a copy of a bill for services rendered, medical narrative, chart, or record of any other state health care provider, as defined by R.S. 40:1299.39(A)(1) and any other health care provider, as defined by R.S. 40:1299.41(A)(1), certified or attested to by the state health care provider or the private health care provider, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court as prima facie proof of its contents, provided that the party against whom the bills, medical narrative, chart, or record is sought to be used may summon and examine those making the original of the bills, medical narrative, chart, or record as witnesses under cross-examination.
The purpose of this statute is to save litigants the difficulty and expense of producing as a witness each person who assisted in the treatment of a patient, thereby providing an exception to the hearsay rule with respect to those who made the medical record. Judd v. State, Dep't of Transp. & Dev., 95-1052, p. 3 (La.11/27/95), 663 So.2d 690, 693. A court's admission or exclusion of evidence is subject to an abuse of discretion review. See Wade v. Teachers' Retirement System of Louisiana, 05-1590, p. 6 (La.App. 1 Cir. 6/9/06), 938 So.2d 103, 106, writ denied 06-2024 (La.11/3/06), 940 So.2d 673.

Exhibits # 6, # 7 and # 15
St. Joe, citing Chauvin v. Southern Technology & Service, Inc., 03-2856, p. 3 (La.App. 1 Cir. 10/29/04), 888 So.2d 980, 981, argues that claimant's exhibits # 6 and # 7 and #15 were admitted into evidence by the WCC despite its objection that they were not certified.
Exhibit # 6 is a document signed by Dr. Frank J. Guidry, the physician that saw *18 Mr. Zavala initially when he was injured.[2] There is a handwritten message on the document stating that Faith said that Dr. Guidry made a mistake, he should have marked `No' instead of `yes' when indicating whether Mr. Zavala could return to full duty. This document is dated February 17, 2003.
Exhibit # 7 is a document referral for physical therapy rehabilitation from Dr. Guidry to Wellness Physical Therapy Rehabilitation dated February 17, 2003.
Exhibit # 15 is a collection of documents from The Wellness Health Care Group in Houston, Texas. There is no certification attached to this exhibit, nor was it produced in response to its discovery request.
We agree that there is neither valid certification on these exhibits as required by the statute, nor are they reasonably supported by competent evidence. Only properly certified copies of medical bills, narratives, charts, or records of a physician may be received into evidence as prima facie proof of their contents. See Chauvin, 03-2856 at pp. 2-3, 888 So.2d at 981. Even with the relaxed evidentiary standard pursuant to La. R.S. 23:1317, the WCC's factual findings must be reasonably supported by competent evidence. Chaisson, 97-1225 p. 10, 708 So.2d at 381. These exhibits do not meet the criteria set forth in La. R.S. 13:3714, and there is no evidence in the record to show that these exhibits have any degree of reliability and trustworthiness. Exhibits #6, #7, and # 15 should have been excluded and will not be considered in this review. Although improperly admitted, they do not affect the result of this appeal, and their introduction was harmless.

Exhibits # 12 and # 13
St. Joe next claims that portions of exhibits # 12 and # 13 were admitted without proper certification. Apparently, defendants are complaining because these certifications were signed by the "custodian" of medical records and not by the "administrator" of medical records, or by the medical records "librarian," as specified in the statute. La. R.S. 13:3714.
Exhibit # 12 contains documentation from the Northshore Family Medical Center containing Dr. Zavala's medical reports, bills, and treatment plans. This documentation is accompanied with two certifications. One is signed "Phyllis," medical records custodian. The other, however, signed "Crystal French, Medical Records Custodian." This document was also admitted into evidence in defendant's exhibit # 16.
Exhibit # 13 is from Westbank Physicians Rehab concerning Mr. Zavala's medical condition and treatment plan. These reports are accompanied with a certification dated February 1, 2007, from the "Custodian of Medical Records."
To be admitted into evidence as prima facie proof, the statute provides that hospital records and other health care providers be certified copies signed by the administrator or the medical records librarian. La. R.S. 13:3714.
Similarly, in State v. Spooner, 368 So.2d 1086 (La.1979), our Supreme Court ruled that when a statute defined the general term, in this case "superintendent" instead of "administrator," the definition was not to be limited to the one given that title, but to the person fulfilling the function. Id. at 1088.
*19 Here, the titles Medical Records Custodian and the Medical Records Administrator apply to persons fulfilling the function of maintaining the medical record information. Therefore, under the relaxed rules for admissibility of evidence, we conclude that this evidence was competent and admissible.
After an extensive review, we conclude that these exhibits do meet the requirements set forth in La. R.S. 13:3714 in conjunction with La. R.S. 23:1317 as validly certified medical records because these exhibits were sent in response to plaintiffs request letter, and the certification was signed by the person maintaining the medical files. The WCC did not err in allowing these exhibits into evidence because, although this evidence might fall outside the technical rules of admissibility, they have a sufficient degree of reliability and trustworthiness. This assignment of error lacks merit.

TEMPORARY TOTAL DISABILITY BENEFITS
Pursuant to LSA-R.S. 23:1221(1)(c), a claimant has the burden of proving a TTD by clear and convincing evidence. Clear and convincing proof has been defined as an intermediate standard falling somewhere between the ordinary "preponderance of the evidence" civil standard and the "beyond a reasonable doubt" criminal standard. Roussell v. St. Tammany Parish School Bd., 04-2622, p. 10 (La.App. 1 Cir. 8/23/06), 943 So.2d 449, 457-458, writ not considered, 06-2362 (La.1/8/07), 948 So.2d 116. Clear and convincing proof requires objective medical evidence of the condition causing the employee's inability to engage in any employment. Id. at 04-2622 at p. 10, 943 So.2d at 458. To meet this test the claimant must provide objective, expert evidence as to his medical condition, symptoms, pain, and treatment, in addition to personal testimony. Id. The factual finding of whether a claimant is entitled to TTD benefits is subject to the manifest error standard review. Id.
Mr. Zavala was treated at various medical facilities in 2002 and 2003, which is documented in claimant's exhibits # 12, # 13, and # 14, and in defendant's exhibit # 13. The WCC found that these records clearly and convincingly show that Mr. Zavala was suffering from a work-related injury to his lumbar disc. Further, on December 12, 2006, St. Joe had Mr. Zavala submit to an independent medical exam (IME), which is memorialized in defendant's exhibit # 17. During this IME, Dr. George F. Chimento referenced previous MRIs; his report states that "Mr. Zazala's (sic) back pain is secondary to his given history of a work related injury."
We conclude that the WCC's determination was supported by objective, expert evidence as well as the claimant's personal testimony that he was unable to work. The record supports a finding by clear and convincing evidence that Mr. Zavala was physically unable to return to his job at the brick company.[3]
*20 Moreover, there is objective medical evidence establishing the existence of a disabling condition making it impossible for him to work during the time period at issue. Mr. Zavala testified that when he tries to do everyday chores such as mowing the lawn, this activity causes his back to hurt from the waist down. We conclude that the WCC did not err in finding that Mr. Zavala is entitled to TTD benefits. This assignment of error is without merit. Further, since we have concluded that the WCC did not err in awarding TTD benefits, the alternative assignment of error regarding SEB is moot.

WORK-RELATED RE-INJURY
St. Joe argues in its fourth assignment of error that the re-injury Mr. Zavala claims occurred on February 18, 2003, could not be work related because he did not return to work after February 17 to be reinjured.
We agree that the dates are confusing and that Mr. Zavala could not have been injured on February 18, 2003, as it undisputed that Mr. Zavala's last date of employment was February 16, 2003. Although there appears to be some discrepancy in his medical record about the exact date of the last aggravation to his original injury, there is evidence that he was reinjured on his last day of employment. The records show that Mr. Zavala did work on February 16 and, on February 17, Mr. Zavala presented to his doctor with severe back pain. The record also shows that on February 17 his doctor declared him to be temporarily totally disabled and forbade him to work full duty for four weeks. Mr. Zavala was also ordered to spend the following four weeks in rehabilitation.
Mr. Zavala testified that when he returned to work after the recuperation period from his original back injury, his job required him to work ten and eleven hour days shoveling bricks and performing other manual labor. The company work sheets support this testimony. Despite the discrepancy in the dates, the evidence in the record supports the WCC's conclusion that Mr. Zavala did suffer another re-injury on his last day of employment in February. This assignment of error has no merit.

PENALTIES AND ATTORNEY FEES
In St. Joe's final assignment of error, it contends that the attorney fee and penalty awards assessed against it were in error because St. Joe made light duty work available to Mr. Zavala when the treating physician released him for such. St. Joe argues that instead of taking advantage of the light duty, he simply abandoned his employment. St. Joe contends that it was reasonable for it to determine that no benefits were due an employee who abandons his job.
Louisiana Revised Statute 23:1201(F) covers situations where the employer fails to commence payment of benefits timely, to pay continued installments timely, or to pay medical benefits timely. Roussell, 04-2622 at p. 15, 943 So.2d at 461. Under this section, both penalties and attorney fees are recoverable unless the claims are reasonably controverted. Id. Also see Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41, 45. A claim is reasonably controverted when *21 the employer has sufficient factual and/or medical information to counter evidence presented by the claimant. Brown v. Texas-LA Cartage, Inc., 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890.
The thrust of St. Joe's argument is that it should not be penalized for not paying Mr. Zavala's benefit when he could have worked at the light-duty position it claims to have made available to him. St. Joe contends that Mr. Zavala not only abandoned his employment, but was "recalcitrant" in cooperating with their attempts to conduct an adequate investigation.
We disagree because, under these facts, the WCC could have assessed $2,000.00 for each disputed claim. St. Joe refused to pay Mr. Zavala's benefits and also refused to pay his medical bills which subjected it to the penalties. As discussed above, we found no error in the WCC's holding that Mr. Zavala incurred three separate compensable injuries and re-injuries. The medical records from Dr. Frank Guidry dated February 3, 2003, were included in St. Joe's exhibits. These documents establish that St. Joe should have been aware that Mr. Zavala had re-injured his back. Yet, St. Joe refused to pay Mr. Zavala's medical expenses even after its own doctor confirmed the injury. We conclude that the WCC did not err in imposing the penalties authorized under La. R.S. 23:1201(F). The penalty imposed by the WCC was within the statutory limits, and the attorney fee award was not an abuse of discretion. This assignment of error is without merit.

ATTORNEY FEES FOR ANSWERING THE APPEAL
Mr. Zavala's attorney requested in his memorandum, additional attorney fees for the work necessitated by this appeal. Additional attorney fees are usually awarded on appeal when a party appeals, obtains no relief, and the appeal has required additional work on the opposing counsel, provided that the opposing party requests an increase. Roussell, 04-2622, p. 20, 943 So.2d at 464. However, it is well settled that when an appellee neither appeals nor answers the appeal, he is not entitled to additional attorney fees for legal services rendered on appeal. See LSA-C.C.P. art 2133; Starr v. Boudreaux, 07-0652 (La.App. 1 Cir. 12/21/07), 978 So.2d 384. Although Mr. Zavala requested additional attorney fees in his brief, he did not correctly request them by answering this appeal.

DECREE
For the above reasons, the judgment rendered by the WCC is affirmed. St. Joe Brick Works Co. and Bridgefield Casualty Insurance are assessed with the costs of these proceedings.
AFFIRMED.
NOTES
[1] SEB was not ordered. However, St. Joe asserts, citing Tynes v. Gaylord Container Corp., 02-0519, p. 5 (La.App. 1 Cir. 2/14/03), 844 So.2d 80, 85, that this award amounts to SEB because he did not prove an inability to earn 90% or more of the wages he earned before the accident. See also Gilley v. Parkview Baptist School, 00-1937 (La.App. 1 Cir. 11/9/01), 804 So.2d 103, 105, aff'd, 02-0623 (La.10/25/02), 832 So.2d 975.
[2] It should be noted that this is the same doctor who performed routine drug testing and handled other routine matters for St. Joe. St. Joe claims that this was Mr. Zavala's physician of choice, but as a practical matter, it was St. Joe who referred him to Dr. Guidry.
[3] St. Joe's main argument is that it made light duty work available for Mr. Zavala, but he refused to take advantage of that position. St. Joe also argues that by Mr. Zavala's own admission, he has made little effort to find other employment.

In order to recover SEB, the claimant must first prove an inability to earn wages equal to ninety percent of the amount he earned before the accident. Gilley v. Parkview Baptist School, 00-1937, p. 4 (La.App. 1 Cir. 11/09/01), 804 So.2d 103, 105. Here, St. Joe's own exhibits of Mr. Zavala's work records support the WCC's finding that Mr. Zavala's average weekly wage would have been $503.76 had he been able to work a full schedule. As discussed above, Mr. Zavala testified at trial that his work day consisted of working ten and eleven hour days moving pallets of material and shoveling bricks after he returned to his supposedly "light duty" position. St. Joe's "light duty" resulted in Mr. Zavala suffering two subsequent re-injuries. Mr. Zavala also testified that he is in constant pain and is unable to perform routine household chores, thereby making it impossible to find work.