NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0686

TERRI LEWIS STEVENS and JENNIFER FRUCHNICHT,
wife of/and CRAIG RIVERA

VERSUS

ST. TAMMANY PARISH GOVERNMENT

Judgment Rendered:  **FEB 2 5 2022**

********

Appealed from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2015-10649

The Honorable Alan A. Zaunbrecher, Judge Presiding

********

Louis R. Koerner, Jr.                    Counsel for Plaintiffs/Appellants
New Orleans, Louisiana                   Terri Lewis Stevens and Jennifer
                                         Fruchnicht, wife of/and Craig Rivera


James L. Bradford, III                   Counsel for Defendant/Appellee
Kirk N. Aurandt                          St. Tammany Parish Government
D. Stephen Brouillette, Jr.
Covington, Louisiana


********


BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

**LANIER, J.**

The plaintiffs, Terri Lewis Stevens, Jennifer Fruchnicht, wife of/and Craig Rivera, appeal the 22nd Judicial District Court's January 9, 2021 judgment in favor of defendant, St. Tammany Parish Government, sustaining defendant's exception raising the objection of no cause of action, dismissing, with prejudice, plaintiffs' amended petition for nullity, and awarding attorney fees and costs in favor of defendant. Plaintiffs also appeal the February 2, 2021 denial of their motion for new trial. Finding no error in the district court's rulings, we affirm and issue this memorandum opinion in compliance with Uniform Rules, Courts of Appeal, Rule 2-16.1(B).

The factual and procedural history of the underlying action is set forth in more detail in this court's earlier opinion in this case, **Stevens v. St. Tammany Parish Government**, 2019-1555 (La. App. 1 Cir. 4/8/21), 322 So.3d 1268, writ denied, 2021-00800 (La. 11/3/21), 326 So.3d 898. Essentially, plaintiffs, who live on adjoining properties on Dove Park Road, in Covington, Louisiana, filed suit against defendant alleging that defendant "had caused to be executed a public works project that paved gravel streets in Dove Park Subdivision and altered the drainage, thereby increasing the drainage burden on plaintiffs' propert[ies]." **Stevens**, 322 So.3d at 1274. Plaintiffs further asserted that defendant's proposed widening project for Dove Park Road would cause further damage. Thus, plaintiffs "sought damages, permanent injunctive relief, mandamus relief, and a temporary restraining order and a preliminary injunction prohibiting [defendant] from beginning or continuing work on the Dove Park Road widening project." *Id.*

The district court signed a final judgment in the underlying action on August 17, 2018, dismissing, with prejudice, all of plaintiffs' claims against defendant, and on October 30, 2018, signed a judgment that denied plaintiffs' motion for new trial.

2

On appeal, this court affirmed the district court's judgments. **Stevens**, 322 So.3d at 1288.

On October 31, 2019, while the underlying action was on appeal to this court, plaintiffs filed a petition to nullify, requesting that "the judgment of October 30, 2018 and all prior adverse judgments in favor of [defendant], denying new trial, granting summary judgment and costs, maintaining the exception of prescription/peremption, and denying injunctive relief be declared null." Plaintiffs argued that the judgments in the underlying action were obtained by the fraud and ill practices of defendant within the meaning of La. Code Civ. P. art. 2004. Plaintiffs later filed an amended petition for nullity, maintaining their claims that defendants had obtained the judgment in the underlying action by fraud and ill practices. In response, defendant filed exceptions raising the objection of no cause of action. Further, pursuant to Article 2004(C), defendant requested that it be awarded reasonable attorney fees incurred in defending the petition for nullity and that the amount of the fees be determined in a later proceeding.

The matter proceeded to a hearing on February 20, 2020.[1] After hearing argument from counsel, the district court ruled from the bench as follows:

> The Court has reviewed the parties' submissions regarding these exceptions. The [peremptory] exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. This is, of course, an action for nullity. The case law regarding actions for nullity is clear. Nullity is an extraordinary remedy. Nullity must be viewed with great circumspection. The Court must recognize that in order to render justice there must be an end to litigation. There is a presumption in favor of the validity of a judgment. The plaintiff in a nullity action must make a strong showing. These are the standards

---

[1] At an earlier hearing on January 16, 2020, the district court requested supplemental briefing on several issues, including whether there were any limitations in the award of attorney fees and costs that could be awarded pursuant to Article 2004. In response, defendant submitted a memorandum, arguing that attorney fees awarded to the prevailing party must be reasonable. Defendant also submitted the affidavit of its lead counsel, James L. Bradford, III, detailing the legal fees incurred by defendant in defending plaintiffs' nullity action. In their memorandum to the district court, plaintiffs agreed that such an award must be reasonable, adding that attorney fees "may" be awarded, in the court's discretion. There is nothing in the record to indicate that plaintiffs ever contested the amount of legal fees owed as set forth in Mr. Bradford's affidavit.

3

that the First Circuit has adopted in the Livingston Sewer District Number 2 versus Millers Mutual case. Plaintiffs herein seek to annul all adverse judgments based on fraud or ill practices pursuant to ... Article 2004. Again, the applicable law is well developed.

Louisiana courts look to two criteria to determine whether a judgment was obtained by fraud or ill practices.

One, whether the circumstances under which the judgment was rendered showed a deprivation of legal rights of the litigant seeking relief;

And, Two, whether the enforcement of the judgment would have been unconscionable and inequitable. And, again, that's the Livingston case.

Courts interpreting these criteria require the finding of some artifice or deception and require a causal relationship between the proven fraud or ill practices and obtaining the judgment. An action for nullity is not intended as a substitute for an appeal or for a new trial. It is to provide for relief against fraud for which an appeal would provide no remedy. Similarly, an action for nullity cannot be based simply on newly discovered evidence or upon grounds that an opponent failed to disclose facts which in the exercise of reasonable diligence the unsuccessful litigant could have ascertained for themselves. Otherwise, there would be no finality to any judgment.

Applying these legal principles, the Court finds [defendant's] exceptions are well maintained and should be sustained.

Specifically, the Court finds that the petition as amended fails to establish fraud or ill practices as required to establish an action for nullity.

Additionally, the petition fails to allege any causal connection between the asserted fraud or ill practices and obtaining the judgment.

Finally, the petition fails to show how the currently pending appeal would not adequately afford them a complete and adequate remedy.

[Defendant] also seeks [attorney] fees and costs associated with its defense of this action for nullity. Reasonable [attorney] fees and costs incurred by the prevailing party in an action for nullity may be awarded by virtue of ... Article 2004(C). It is, of course, well settled under Louisiana law that the prevailing party may not recover [attorney] fees except where authorized by contract or statute. This Codal article, 2004(C), is one of those very limited circumstances, and this Court thinks for good reason. Given the burden of proof required to sustain an action for nullity, reasonable [attorney] fees may be appropriate when a party is forced to relitigate the validity of a prior judgment in response to a meritless nullity action. The Court finds that to be the case herein and awards attorneys fees and costs

4

associated with its defense to this action -- to [defendant] and associated with this defense in this action for nullity.

[Defendant] has already submitted its proof by virtue of Exhibits 1 and 2 attached to its memorandum in opposition. I believe it was the supplemental memorandum in opposition.

The Court gives the plaintiff[s] 15 days to file any objections or response to the reasonableness of the [attorney] fees and costs shown. The brief is due March 6, 2020.

Counsel for [defendant] will prepare a judgment in accordance with these findings.

The district court signed a judgment on March 9, 2020, in accordance with the above findings, and, on March 11, 2020, signed a judgment awarding $28,859.50 in attorney fees in favor of defendant and assessing plaintiffs with all costs associated with their petition for nullity.[2] In awarding attorney fees in this matter, the district court found defendant's request for attorney fees and costs reasonable, noting that Mr. Bradford's affidavit and fee schedule "satisfactorily" established defendant's attorney fees. Thereafter, on January 9, 2021, the district court signed a final judgment incorporating both of the prior judgments, and adding an award of $769.15 in court costs, against plaintiffs and in favor of defendant, in connection with the petition for nullity.

Subsequently, on January 19, 2021, plaintiffs filed a second amended petition for nullity and a motion for new trial. However, as plaintiffs did not file a motion for leave of court to file the second amended petition as required by La. Code Civ. P. art. 1151,[3] said petition was not properly before the district court for

---

[2] Plaintiffs' request for additional time to object to the reasonableness of defendant's attorney fees was denied; plaintiffs filed no timely objection.

[3] Louisiana Code of Civil Procedure article 1151 provides, in pertinent part:

A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.

consideration. On February 2, 2021, the district court summarily denied the motion for new trial.[4]

On appeal, plaintiffs challenge, among other things, the district court's ruling on the exception raising the objection of no cause of action, the district court's award of attorney fees, which, plaintiffs argue, was awarded without a hearing and was not supported by the record, and the district court's denial of their motion for new trial.

The function of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. **Stewart v. City of Hammond**, 2020-0851 (La. App. 1 Cir. 3/29/21), 322 So.3d 1253, 1261. The burden of demonstrating that the petition states no cause of action is upon the mover. *Id.* Peremptory exceptions raising the objection of no cause of action present legal questions, which are reviewed using the *de novo* standard of review. *Id.*

If a petition fails to state a cause of action, and the grounds of the objection can be removed by amendment, the plaintiff shall be allowed to amend his petition. However, where the grounds for the objection cannot be removed by amendment, the district court is not required to allow the pleadings to be amended. See La. Code Civ. P. art. 934; **Herigodt v. Town of Golden Meadow**, 2020-0752 (La. App. 1 Cir. 2/22/21), 321 So.3d 1004, 1015, writ denied, 2021-00880 (La.

---

[4] On February 18, 2021, plaintiffs filed a request for written reasons pursuant to La. Code Civ. P. art. 1917 requesting that the district court provide, in writing, its reasons for denying the motion for new trial. In response, the district court signed an order on February 25, 2021, denying the request. The district court noted that because Article 1917 only contemplates written reasons and findings of fact for appealable judgments, the article did not require written reasons for the denial of a motion for new trial, which is an interlocutory judgment. We agree.

10/12/21), 325 So.3d 1070. The decision to allow amendment is within the sound discretion of the district court. **Herigodt**, 321 So.3d at 1015.[5]

Because an action for nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim that was previously denied for failure of proof, it is imperative that courts review a petition for nullity closely. The purpose of an action for nullity is to prevent injustice that cannot be corrected through new trials and appeals. **Expert Oil & Gas, L.L.C. v. Mack Energy Co.**, 2016-0068 (La. App. 1 Cir. 9/16/16), 203 So.3d 1080, 1083. In ruling on a motion for new trial, the applicable standard of review is whether the trial court abused its discretion. **Zavala v. Dover Construction USA, LLC**, 2017-0001 (La. App. 1 Cir. 4/11/18), 249 So.3d 24, 28. Further, the district court has much discretion in fixing an award of attorney fees, and its award will not be modified on appeal absent a showing of an abuse of discretion. **Seale & Ross, P.L.C. v. Holder**, 2019-1487 (La. App. 1 Cir. 8/3/20), 310 So.3d 195, 203.

In reviewing this matter, we find that the district court very closely and carefully considered plaintiffs' amended petition for nullity. Likewise, we have thoroughly reviewed the record and applicable law and find no error in the district court's rulings. We agree with the district court that plaintiffs failed to establish fraud or ill practices by defendant, failed to show any causal connection between the alleged fraud or ill practices and obtaining the judgment in the underlying action, and failed to show how the appeal, which was pending at the time plaintiffs' petition for nullity was filed, would not afford them a complete and adequate

---

[5] We note that on January 16, 2020, defendant filed an answer to plaintiffs' petition for nullity and first amended petition for nullity. Thus, plaintiffs could only further amend their petition for nullity "by leave of court or by written consent of the adverse party." La. Code Civ. P. art. 1151. The record reflects that other than the original petition for nullity and the first amended petition for nullity, the only other petition for nullity is the second amended petition for nullity filed by plaintiffs at the same time as their motion for new trial. However, because that petition did not include a motion for leave of court, it was not before the district court for consideration and is, therefore, not properly before us for review.

remedy. We further find no abuse of discretion in the district court's award of attorney fees to defendant in the amount of $28,859.50 or in its denial of plaintiffs' motion for new trial.[6] Plaintiffs' arguments on appeal to the contrary are without merit. We affirm the district court's January 9, 2021 judgment, sustaining defendant's exception raising the objection of no cause of action, dismissing, with prejudice, plaintiffs' amended petition for nullity, and awarding attorney fees and costs in favor of defendants. Moreover, we affirm the February 2, 2021 judgment denying plaintiffs' motion for new trial. We assess all costs associated with this appeal against plaintiffs/appellants, Terri Lewis Stevens and Jennifer Fruchnicht Rivera wife of/and Craig Rivera.

**AFFIRMED.**

---

[6] We note that in brief to this court, defendant requested additional attorney fees for the work necessitated by this appeal. However, it is well settled that an appellee, who neither appeals nor answers the appeal, is not entitled to additional attorney fees for legal services rendered on appeal. See La. Code Civ. P. art. 2133; **Starr v. Boudreaux**, 2007-0652 (La. App. 1 Cir. 12/21/07), 978 So.2d 384, 392. Because defendant did not appeal the district court's judgment, nor answer plaintiffs' appeal and request additional attorney fees, defendant is not entitled to additional attorney fees for work performed on appeal. **Zavala v. St. Joe Brick Works**, 2007-2217 (La. App. 1 Cir. 10/31/08), 999 So.2d 13, writ denied, 2008-2827 (La. 1/30/09), 999 So.2d 762.