STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2022 CA 1130

JOHN ROBINSON JR. AND KIM R. ISHMAN

VERSUS

CHENG LLC AND ABC INSURANCE COMPANY

Judgment Rendered: __JUL 1 0 2023__

* * * * *

ON APPEAL FROM THE
22ND JUDICIAL DISTRICT COURT, DIVISION A
WASHINGTON PARISH, LOUISIANA
DOCKET NUMBER 114685

HONORABLE RAYMOND S. CHILDRESS, JUDGE PRESIDING

* * * * *

Lillian M. Ratliff
Bogalusa, Louisiana

Attorney for Plaintiffs-Appellants
John Robinson, Jr. and Kim R. Ishman


Stacie J. Fitzpatrick
Metairie, Louisiana

Attorney for Defendant-Appellee
Cheng, LLC

BEFORE: McCLENDON, HOLDRIDGE, and GREENE, JJ.

McClendon, J., concurs for reasons assigned.

Holdridge, J. concurs for reasons assigned.

**GREENE, J.**

Two restaurant patrons appeal a summary judgment rendered in favor of the owner of the restaurant where the patrons allegedly contracted food poisoning. After review, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

John Robinson, Jr. and Kim R. Ishman filed a petition for damages against Cheng, LLC (Cheng), the owner of Dragon Palace Restaurant, located in Bogalusa, Louisiana. They alleged that, on April 23, 2019, they ate fried oysters at Dragon Palace Restaurant, after which they both became ill with food poisoning. They also alleged that Mr. Robinson sought treatment at the Pearl River County Emergency Room.

Cheng answered the petition and admitted that it owned Dragon Palace Restaurant. However, Cheng later filed a motion for summary judgment seeking dismissal of the plaintiffs' claims. Cheng argued that the plaintiffs sued the wrong defendant, because when Mr. Robinson sought treatment at the Pearl River County Emergency Room, and later from a second medical provider, he reported that he had eaten at a Mexican Restaurant in Bogalusa, not at Dragon Palace Restaurant.

The plaintiffs did not file an opposition to Cheng's motion nor did they or their counsel appear at the scheduled summary judgment hearing. The trial court heard argument from Cheng's counsel, and, on December 16, 2021, signed a summary judgment in Cheng's favor, dismissing the plaintiffs' claims against Cheng with prejudice. The plaintiffs appeal the adverse summary judgment, primarily arguing there are genuine issues of material fact as to the identity of the restaurant where they ate the oysters that caused their food poisoning. Because we reverse the summary judgment on this basis, we need not address the plaintiffs' remaining arguments.

## SUMMARY JUDGMENT

Appellate courts review the grant or denial of summary judgment *de novo* under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. *Jefferson v. Nichols State University*, 19-1137 (La. App. 1 Cir. 5/11/20), 311 So.3d 1083, 1085, *writ denied*, 20-00779 (La. 11/4/20), 303 So.3d 623. A court shall grant summary judgment if the pleadings, memorandum, and admissible

2

supporting documents show there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *See* La. C.C.P. art. 966(A)(3) and (4); *Jefferson*, 311 So.3d at 1085. The summary judgment movant maintains the burden of proof. La. C.C.P. art. 966(D)(1). Nevertheless, if the movant will not bear the burden of proof at trial on the issue before the court on the motion, his burden is satisfied by pointing out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). Thereafter, the adverse party must produce factual support sufficient to establish he will be able to satisfy his evidentiary burden at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and, if appropriate, the court shall render summary judgment against him. La. C.C.P. arts. 966(D)(1) and 967(B).

Under La. C.C.P. art. 966(A)(4), *certified* medical records are among the supporting documents admissible for summary judgment purposes.[1] A certified medical record is one that is "signed by the administrator or the medical records librarian of the hospital [or health care provider] in question." *See* La. R.S. 13:3714(A);[2] *Raborn v. Albea*, 16-1468 (La. App. 1 Cir. 5/11/17), 221 So.3d 104, 111-12. When a hospital record is so certified, it is considered inherently reliable; no foundation, beyond certification, is required for the hospital record's admissibility. *See Judd v. State, Department of Transportation and Development*, 95-1052 (La. 11/27/95), 663 So.2d

---

[1] The only documents that may be filed in support of or in opposition to a motion for summary judgment are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4). If a document is not included in La. C.C.P. art. 966(A)(4)'s exclusive list of admissible summary judgment evidence, the party filing that document must properly authenticate it by attaching it to an affidavit or deposition that fulfills that purpose, and then file the authenticating affidavit and attached document, or the authenticating deposition and attached document, with his motion or opposition. *See* La. C.C.P. art. 966 - 2015 Revision Comment (c); *also see Lucas v. Maison Insurance Company*, 21-1401 (La. App. 1 Cir. 12/22/22), 358 So.3d 76, 90 (noting that a deposition is proper summary judgment evidence under La. C.C.P. art. 966(A)(4), and documents not included in La. C.C.P. art. 966(A)(4)'s exclusive list may be filed, if properly authenticated by an affidavit or deposition to which they are attached).

[2] Louisiana Revised Statutes 13:3714(A) provides:

> Whenever a certified copy of the chart or record of any hospital, signed by the administrator or the medical records librarian of the hospital in question, or a copy of a bill for services rendered, medical narrative, chart, or record of any other state health care provider, as defined by R.S. 40:1299.39(A)(1) and any other health care provider as defined in R.S. 40:1299.41(A), certified or attested to by the state health care provider or the private health care provider, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court as prima facie proof of its contents, provided that the party against whom the bills, medical narrative, chart, or record is sought to be used may summon and examine those making the original of the bills, medical narrative, chart, or record as witnesses under cross-examination.

690, 694; *also see Zavala v. St. Joe Brick Works*, 07-2217 (La. App. 1 Cir. 10/31/08), 999 So.2d 13, 18, *writ denied*, 08-2827 (La. 1/30/09), 999 So.2d 762.

On the other hand, an *uncertified* medical record is *not* among the supporting documents admissible under La. C.C.P. art. 966(A)(4). If a timely objection is made to an uncertified medical record, a trial court abuses its discretion in denying a summary judgment opponent's timely objection to that record. *May v. Carson*, 21-1156 (La. App. 1 Cir. 8/2/22), 348 So.3d 88, 93, *writ denied*, 22-01394 (La. 11/22/22); 350 So.3d 497. However, under La. C.C.P. art. 966(D)(2), *if no timely objection* is made to a party's filing of an *uncertified* medical record, a court deciding a motion for summary judgment *shall* consider it to determine if it has evidentiary value. *See Jackson v. St. Mary Parish Government*, 21-1317 (La. App. 1 Cir. 8/10/22), 349 So.3d 69, 75, n.5, *writ denied*, 22-01380 (La. 11/16/22), 349 So.3d 1004 (while a court considers documents to which no objection is made, unsworn or unverified documents filed in support of and in opposition to summary judgment have no evidentiary value); *Tennie v. Farm Bureau Property Insurance Company*, 20-1297 (La. App. 1 Cir. 6/4/21), 327 So.3d 1020, 1027, n.5, *writ denied*, 21-00949 (La. 10/19/21), 326 So.3d 231 (considering uncertified medical records filed in opposition to a motion for summary judgment, based on mover's failure to object).

In this case, the only actual documents Cheng filed in support of its motion for summary judgment were the plaintiffs' petition and each plaintiff's answers to interrogatories. In these documents, both plaintiffs state that they ate undercooked fried oysters at Dragon Palace Restaurant and later became ill. However, in an attempt to show that the plaintiffs did not eat at Dragon Palace Restaurant, Cheng argued, *in its summary judgment memorandum*, that Mr. Robinson reported to two medical providers that he had eaten at a Mexican restaurant (not at Dragon Palace) before becoming ill. Notably, Cheng did not attach a certified copy, an uncertified copy, or even a actual, complete copy of any medical record to support this assertion. Rather, Cheng merely referenced *excerpts* from two *purported* medical records that it cut, pasted, and embedded in its memorandum.

4

In the first excerpt, shown below, a person named Julie D. Bogdan, PA-C, apparently authored an April 25, 2019 "Clinical Note," noting that Mr. Robinson stated that he "ate oysters for dinner at YoYos in Bogalusa on Monday 4/22/19 and the next day began with abdominal pain, nausea, vomiting and diarrhea [from] food poisoning."

**Clinical Notes**

Progress Notes

Julie D Bogdan, PA-C at 4/25/2019 1430

Version 1 of 1

| Author: Julie D Bogdan, PA-C | Service: — | Author Type: Physician Assistant |
| Filed: 04/25/19 1836 | Encounter Date: 4/25/2019 | Status: Signed |
| Editor: Julie D Bogdan, PA-C (Physician Assistant) | | |

John E Robinson Jr. 47 y.o. male Presents for PRCHER follow-up for likely acute gastroenteritis/abdominal pain. States ate oysters for dinner at YoYos in Bogalusa on Monday 4/22/19 and the next day began with abdominal pain, nausea, vomiting and diarrhea for food poisoning. Denies fever; Treatment with cipro, K tab, benlyl, IV hydration; incidental findings on CT were minimally enlarged prostate, renal cyst and hepatic cyst; Today pt still having abdominal pain with only 2 episodes of diarrhea, but denies N/V; Denies recent ETOH use

Patient Active Problem List

In the second excerpt, shown below, a person named Dr. Everett H. Crawford apparently authored a May 9, 2019 "Clinical Note," stating that Mr. Robinson "described an acute illness that began on the morning after he ate supper at a Mexican restaurant."

Progress Notes

Everett H Crawford, MD at 5/9/2019 0830

Version 2 of 2

| Author: Everett H Crawford, MD | Service: — | Author Type: Physician |
| Filed: 05/09/19 0846 | Encounter Date: 5/9/2019 | Status: Signed |
| Editor: Everett H Crawford, MD (Physician) | | |

Subjective:

Patient ID: John E Robinson Jr. is a 47 y.o. male.

HPI
This patient is been asked to see us by Dr. Wayne Grayson for evaluation of nausea and diarrhea.

The patient describes an acute illness that began on the morning after he ate supper at a Mexican restaurant. He had nausea vomiting, crampy abdominal pain and diarrhea. He describes being treated with Cipro for a week. His symptoms improved but he has had mild persistence of symptomatology. Sometimes he will have a loose stool and then his stool will be formed. He had some nausea and actually some vomiting yesterday. There is been no hematochezia. Apparently his girlfriend ate the same food he did and had some mild illness which completely resolved. He was seen in the emergency room at Pearl River Hospital and I think spent the night they are on IV fluids. He apparently did not have stool collected for culture. He is never had any similar illness prior to this.

John has a past medical history of Arthritis, Back pain, Lumbar disc herniation, Neck pain, Neuromuscular disorder (HCC Code), Restless leg, and Weakness.
John

However, as can be seen, neither of the above cut and pasted excerpts definitively identifies that PA-C Bogdan or Dr. Crawford are affiliated with the Pearl River County Emergency Room, or any other medical entity, where Mr. Robinson was seen by either of them as a patient, and where he allegedly reported eating at a Mexican restaurant.

Here, the "documents" at issue are neither certified medical records as specifically listed in La. C.C.P. art. 966(A)(4), uncertified medical records as in *Tennie,*

nor even identifiable physical medical records at all. Rather, both "documents" merely appear in the form of cut and pasted excerpts of purported medical records, from unidentified medical facilities where persons named PA-C Bogdan and Dr. Crawford saw and treated Mr. Robinson, and to whom Mr. Robinson allegedly reported eating at a Mexican restaurant. These excerpts are actually not medical records at all and lack any degree of reliability and trustworthiness that would be associated with certified medical records. *See Judd*, 663 So.2d at 694; *Zavala*, 999 So.2d at 18. An *excerpt* from an uncertified medical record is not admissible evidence for summary judgment purposes. *Raborn*, 221 So.3d at 111-12. Thus, *a fortiori*, we conclude that an excerpt from an uncertified purported medical record, merely cut, pasted, and embedded in a memorandum is not a medical record at all and not admissible evidence for summary judgment purposes.[3] On *de novo* review, therefore, we do not consider the excerpts referenced in Cheng's summary judgment memorandum.

Based on the admissible summary judgment evidence, we conclude Cheng is not entitled to summary judgment, because it failed to carry its initial summary judgment burden by submitting supporting documents sufficient to resolve all material factual issues. *See Crockerham v. Louisiana Medical Mutual Company*, 17-1590 (La. App. 1 Cir. 6/21/18), 255 So.3d 604, 608. The only admissible summary judgment evidence in the record, *i.e.*, the plaintiffs' petition and interrogatory responses, indicates that the plaintiffs ate undercooked oysters at Dragon Palace Restaurant in Bogalusa and later became ill. There is no admissible evidence indicating that they ate at a Mexican Restaurant or any place other than Dragon Palace Restaurant. Because Cheng's admissible summary judgment evidence is insufficient to resolve material factual issues

---

[3] In *McDowell v. Feldman*, 21-0462 (La. App. 1 Cir. 12/22/21), 341 So.3d 71, 76, *writ denied*, 22-00158 (La. 3/15/22), 334 So.3d 394, this Court affirmed a summary judgment in favor of a medical clinic, finding an absence of factual support for the essential element of the actual or constructive knowledge of a hazardous condition by the owners, or anyone affiliated with the clinic. In dicta in a footnote, the *McDowell* court, 334 So.3d 75, n.2, noted that the plaintiff had not objected to photographs embedded in the owner's reply memorandum. The *McDowell* court also appeared to indicate that, had it addressed the hazardous condition element of plaintiff's claim, it would have considered the photographs. *Id.* We note that, under La. C.C.P. art. 966(B)(3), no additional documents may be filed with a reply memorandum; thus, we question whether photographs embedded in a reply memorandum should be considered. However, the instant case is distinguishable from *McDowell*, and we need not address this issue, because the instant case deals with a movant's initial motion for summary judgment containing embedded excerpts from incomplete, uncertified medical records and not photographs embedded in a movant's reply memorandum.

6

regarding the identity of the restaurant where the plaintiffs allegedly contracted food poisoning, we find the trial court erred in granting summary judgment in favor of Cheng.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's December 16, 2021 judgment and remand this matter for further proceedings. We assess appeal costs to Cheng, LLC.

**REVERSED AND REMANDED.**

7

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 1130

JOHN ROBINSON JR. AND KIM R. ISHMAN

VERSUS

CHENG LLC AND ABC INSURANCE COMPANY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

McClendon, J., concurring.

Louisiana Code of Civil Procedure article 966(D)(2) provides that on a motion for summary judgment the court shall consider any document to which no objection is made. The majority avoids application of this mandate by finding that the excerpts of medical records copied into the defendant's memorandum are not documents. However, in **McDowell v. Feldman**, 2021-0462 (La.App. 1 Cir. 12/22/21), 341 So.3d 71, 75 n.2, writ denied, 2022-00158 (La. 3/15/22), 334 So.3d 394, because there was no objection, this court considered unauthenticated photographs embedded in a party's reply memorandum in support of summary judgment. Further, in **Tennie v. Farm Bureau Property Ins. Co.**, 2020-1297 (La.App. 1 Cir. 6/4/21), 327 So.3d 1020, 1027 n.5, writ denied, 2021-00949 (La. 10/19/21), 326 So.3d 231, in light of the "shall consider" language in Article 966(D)(2), this court determined that it would consider uncertified medical records on a motion for summary judgment where no objection was made to same. Therefore, based on the jurisprudence of the First Circuit, without an *en banc* hearing, it appears we are bound to consider the medical record excerpts incorporated into the defendant's memorandum. However, even considering these embedded excerpts, consisting of uncertified medical records, what, if any, evidentiary value should be assigned is within the court's discretion. Finding no evidentiary value, I concur in the result reached by the majority.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

DOCKET NUMBER

2022 CA 1130

JOHN ROBINSON JR. AND KIM R. ISHMAN

VERSUS

CHENG LLC AND ABC INSURANCE COMPANY



**HOLDRIDGE, J. concurs.**

Louisiana Code of Civil Procedure article 966(A)(4) provides an exclusive list of the documents that may be filed in support or opposition to a motion for summary judgment. With both the motion and opposition, documents containing evidence may be filed to support the positions of either of the parties. La. C.C.P. art. 966(B) (1) and (2). No documents may be filed with a reply memorandum. La. C.C.P. art. 966(B)(3). The comments to Article 966 make clear that "a memorandum is not a pleading or evidence" but is a "proper document that can be used by a party to advance his arguments in support of or opposition to the motion." See La. C.C.P. art. 966, Comments -2015, comment (c). The memorandum in a summary judgment case is like the opening statements and closing arguments made by an attorney in a trial. Evidence cannot be introduced in an opening statement or closing argument. Likewise, evidence cannot be introduced in a memorandum since it is the arguments of the parties. I agree with the majority's analysis that any alleged evidence that is "merely cut, pasted and embedded in a memorandum is not ... admissible evidence for summary judgment purposes." I further agree with the majority that this court

should not follow the dicta in **McDowell v. Feldman**, 21-0462 (La App. 1 Cir. 12/22/21), 341 So.3d 71, 75 n.2, <u>writ denied</u>, 22-00158 (La. 3/15/22), 334 So.3d 394, wherein the court discussed whether photos embedded in a reply memorandum may be considered if no objection is raised. Alleged evidence embedded in memorandum is not evidence and therefore should never have any evidentiary value, but is merely the argument used to advance the position of the parties before the court.